IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL HACKLEY, et al. | : | |
|     Plaintiff | : | |
| | : | |
| vs. | : | JFM 02 CV 3363 |
| | : | |
| LVL X, INC., et al. | : | |
|     Defendants | : | |

**DEFENDANTS LVL X, INC. AND JOHN LEE'S**
**AMENDED ANSWER TO COMPLAINT**

Defendants LVL X, INC. and John Lee, through counsel, answers the Complaint:

1. Defendants deny the allegations in paragraph 1 and demand strict proof thereof.

2. Except as otherwise stated, defendants deny the allegations in paragraph 2 and demand strict proof thereof. Defendants admit that Hackley obtained a permit using the drawings at issue, but deny that they are plaintiffs' drawings. Defendants admit that LVL X had to hire a third architect to produce separate drawings to design the space and to again go through the process of obtaining a permit. The third architect, however, did not copy from, nor are his plans substantially similar to, the drawings at issue. Defendants admit that the third architect's drawings were used to obtain a permit and to construct the shopping center space. Defendants admit that the store ultimately opened, but that it was delayed in its opening.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3, but demand strict proof thereof.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4, but demand strict proof thereof.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5, but demand strict proof thereof.

6. Except as otherwise stated, defendants deny the allegations in paragraph 6 and demand strict proof thereof. Defendant LVL X is organized and does business in Maryland.

7. Defendants deny the allegations in paragraph 7 and demand strict proof thereof.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8, but demand strict proof thereof.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9, but demand strict proof thereof.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10, but demand strict proof thereof.

11. Defendants deny the allegations in paragraph 11 and demand strict proof thereof.

12. Defendants deny the allegations in paragraph 12 and demand strict proof thereof.

13. Defendants deny the allegations in paragraph 13 and demand strict proof thereof.

14. Defendants deny the allegations in paragraph 14 and demand strict proof thereof.

15. Defendants deny the allegations in paragraph 15 and demand strict proof thereof.

16. Defendants deny the allegations in paragraph 16 and demand strict proof thereof.

17. Defendants deny the allegations in paragraph 17 and demand strict proof thereof.

18. Except as otherwise stated, defendants deny the allegations in paragraph 18 and demand strict proof thereof. Defendants admit that Hackley obtained a permit using the drawings at issue in this case, but deny that they are plaintiffs' drawings.

19. Defendants deny the allegations in paragraph 19 and demand strict proof thereof.

20. Defendants deny the allegations in paragraph 20 and demand strict proof thereof.

21. Defendants deny the allegations in paragraph 21 and demand strict proof thereof.

22. Defendants deny the allegations in paragraph 22 and demand strict proof thereof.

23. Defendants deny the allegations in paragraph 23 and demand strict proof thereof.

24. Defendants deny the allegations in paragraph 24 and demand strict proof thereof. Defendant LVL X, Inc. hired Forum International, Inc. whose employee is John Trouton, to design the space and to again go through the process of obtaining a permit. Forum's drawings were used to obtain a permit and to construct the shopping center space at PGP. Forum, did not copy from, nor are his plans substantially similar to, the drawings at issue. The store ultimately opened, but said opening was delayed by plaintiffs continuous misconduct.

25. Defendants deny the allegations in paragraph 25 and demand strict proof thereof.

26. Defendants deny the allegations in paragraph 26 and demand strict proof thereof.

27. Defendants admit the allegations in paragraph 27 and demand strict proof thereof.

28. Defendants deny the allegations in paragraph 28 and demand strict proof thereof.

FIRST ALLEGED CLAIM FOR RELIEF

29. Defendants hereby incorporate the above paragraphs 1-28 herein by reference.

30. Defendants deny the allegations in paragraph 30 and demand strict proof thereof.

31. Defendants deny the allegations in paragraph 31 and demand strict proof thereof.

32. Defendants deny the allegations in paragraph 32 and demand strict proof thereof.

33. Defendants deny the allegations in paragraph 33 and demand strict proof thereof.

34. Defendants deny the allegations in paragraph 34 and demand strict proof thereof.

35. Defendants deny the allegations in paragraph 35 and demand strict proof thereof.

SECOND ALLEGED CLAIM FOR RELIEF

36. Defendants hereby incorporate the above paragraphs 1-32 herein by reference.

37. Defendants deny the allegations in paragraph 37 and demand strict proof thereof.

38. Defendants deny the allegations in paragraph 38 and demand strict proof thereof.

39. Defendants deny the allegations in paragraph 39 and demand strict proof thereof.

40. Defendants deny the allegations in paragraph 40 and demand strict proof thereof.

41. Defendants deny the allegations in paragraph 41 and demand strict proof thereof.

42. Defendants deny the allegations in paragraph 42 and demand strict proof thereof.

43. Defendants deny the allegations in paragraph 43 and demand strict proof thereof.

44. Defendants deny the allegations in paragraph 44 and demand strict proof thereof.

45. Defendants deny the allegations in paragraph 45 and demand strict proof thereof.

46. Defendants deny the allegations in paragraph 46 and demand strict proof thereof.

47. Defendants deny the allegations in paragraph 47 and demand strict proof thereof.

48. Defendants deny the allegations in paragraph 48 and demand strict proof thereof.

49. Defendants deny the allegations in paragraph 49 and demand strict proof thereof.

50. Defendants deny the allegations in paragraph 50 and demand strict proof thereof.

## FIRST DEFENSE

51. The complaint fails to state a claim upon which relief can be granted.

## FIRST AFFIRMATIVE DEFENSE

52. Neither plaintiff is the author or transferee of the rights in the drawings at issue.

## SECOND AFFIRMATIVE DEFENSE

53. Neither plaintiff is in the chain of title of the drawings at issue in this case.

## THIRD AFFIRMATIVE DEFENSE

54. Neither plaintiff originated the drawings that are at issue in this case.

## FOURTH AFFIRMATIVE DEFENSE

55. The drawings at issue in this case, or components thereof, are not copyrightable.

## FIFTH AFFIRMATIVE DEFENSE

56. Plaintiffs are barred from obtaining relief under the doctrine of merger.

## SIXTH AFFIRMATIVE DEFENSE

57. Neither plaintiff complied with the statutory formalities of copyright law.

## SEVENTH AFFIRMATIVE DEFENSE

58. Hackley brought this action based on his false copyright application.

## EIGHTH AFFIRMATIVE DEFENSE

59. Plaintiffs are barred from relief because Hackley defrauded the Copyright Office. Plaintiffs had a duty to be truthful in their copyright application for the plans at issue in this case. In their copyright application, plaintiffs knowingly and falsely stated that the plans at issue was a "work made for hire" while plaintiffs knew that there was no signed writing designating the plans as such between plaintiffs and John Chalk, who substantially made said plans. Plaintiffs also knew that John Chalk was not their employee. See, John Chalk's affidavit attached hereto. Plaintiffs further failed to disclose that elements in the plans were derived from John Chalk and others. Plaintiffs knew that they were misleading the copyright office at the time that they made the above statements and nondisclosures and these matters are material in that a reasonable person would consider them to be material and/or plaintiffs knew that the copyright office would likely to regard the aforesaid material facts as being important. The copyright office rightfully relied on plaintiffs statements and concealments.

## NINTH AFFIRMATIVE DEFENSE

60. Plaintiffs are barred from obtaining relief because they defrauded defendants. Plaintiffs had a duty to disclose the below mentioned material facts that they concealed from defendants because they made misleading and/or partial statements to defendants and because

5

of their fiduciary relationship, and/or relationship of trust and confidence, with defendants. Hackley mislead LVL X, through John Lee, around 05-28-02, by inducing LVL X to pay him $10,000 by telling LVL X that part of said amount paid off the remaining balance due on the PGP plans. Further, instead of causing the plans to conform, Hackley told LVL X, through John Lee, around 05-13-02, to have CFG revise them and to build something different at a lower cost and that otherwise conformed to the space. At all times, Hackley failed to disclose to LVL X that he was going to cause to be made, and was causing to be made, non-conforming plans. At all times, Hackley failed to disclose to LVL X before causing a generic rendering to be made that he, plaintiffs, intended to charge LVL X on an hourly basis, as the parties had a flat rate business relationship, and he mislead defendants into thinking that there would be no, or only a small charge, for said rendering. And, before and around the time that Hackley billed LVL X, Hackley failed to disclose to LVL X that he made up the hours on his/its generic rending bill to LVL X. Hackley failed to disclose to LVL X that CFG had "saved his butt" prior to LVL X retaining plaintiffs for PGP. Plaintiffs knew that they were misleading defendants at the time that they made the above statements and nondisclosures and these matters are material in that a reasonable person would consider them to be so and/or plaintiffs knew that the defendants would likely to regard them as being important. Defendants rightfully relied on said statements and concealments to their extreme detriment.

TENTH AFFIRMATIVE DEFENSE

61. Plaintiffs breached their agreement, and their relationship of trust and confidence, with defendant LVL X by engaging in misconduct, including, but not limited to: steeling LVL X's Tyson's Corner chandelier, engaging in irregular and erratic practices and behavior.

ELEVENTH AFFIRMATIVE DEFENSE

62. Plaintiffs are barred from relief because Hackley defrauded this Court. Defendants incorporate the allegations made under their Eighth and Ninth Affirmative Defenses.

TWELFTH AFFIRMATIVE DEFENSE

63. Plaintiffs are barred from relief because they engaged in acts of infringement.

THIRTEENTH AFFIRMATIVE DEFENSE

64. Plaintiffs are barred from obtaining relief under the doctrine of unclean hands.

FOURTEENTH AFFIRMATIVE DEFENSE

65. Defendants are not liable to plaintiffs in this case under the law of estoppel.

FIFTEENTH AFFIRMATIVE DEFENSE

66. Defendants are not liable because they did not copy the drawings at issue.

SIXTEENTH AFFIRMATIVE DEFENSE

67. Defendants are not liable because they used independently created drawings.

SEVENTEENTH AFFIRMATIVE DEFENSE

68. Defendants are not liable because the drawings used are not substantially similar.

EIGHTEENTH AFFIRMATIVE DEFENSE

69. Defendants are not liable because plaintiffs had already published and distributed the drawings, and substantially similar ones, to the P.G. County and other permit offices.

NINETEENTH AFFIRMATIVE DEFENSE

70. Defendants are not liable because they did not publicly distribute the drawings.

TWENTIETH AFFIRMATIVE DEFENSE

71. Defendants are not liable because there is no likelihood of confusion of the public.

TWENTY-FIRST AFFIRMATIVE DEFENSE

72. Defendants are not liable to the plaintiffs in this case because they were merely complying with Section 3-501(a) of the Maryland Business and Occupations Article.

TWENTY-SECOND AFFIRMATIVE DEFENSE

73. Defendants are not liable because registration of the drawings at issue in this case was not made within three (3) months after first publication of substantially similar drawings.

TWENTY-THIRD AFFIRMATIVE DEFENSE

74. Defendants had an expressed non-exclusive license to use the drawings.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

75. Defendants had an implied non-exclusive license to use the drawings.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

76. Plaintiffs are barred from obtaining relief under the fair use doctrine.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

77. Plaintiffs are barred from obtaining relief under the first sale doctrine.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

78. Defendants are not liable to plaintiffs under the law of abandonment.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

79. Plaintiffs are barred from obtaining relief under the doctrine of Laches.

TWENTY-NINTH AFFIRMATIVE DEFENSE

80. Defendants are not liable under the law of innocent infringement.

THIRTIETH AFFIRMATIVE DEFENSE

81. Defendants are not liable to plaintiffs under the law of duress.

THIRTY-FIRST AFFIRMATIVE DEFENSE

82. Defendants are not liable to plaintiffs under the law of waiver.

THIRTY-SECOND AFFIRMATIVE DEFENSE

83. Defendants acted to mitigate the damages that plaintiffs were causing.

THIRTY-THIRD AFFIRMATIVE DEFENSE

84. Defendants reserves the right to raise any other affirmative defenses.

WHEREFORE, defendants LVL X, INC. and John Lee pray for relief:

1. That plaintiffs take nothing by reason of their complaint in this matter;

2. That defendants be awarded its costs and reasonable attorneys fees; and,

3. For such other and further relief as the court deems just and proper.

Dated: May 1, 2003

Respectfully submitted,

_____
Christopher M. Johns, Esq.
P.O. Box 975
Laurel, MD 20707
Telephone: 301-953-3101
Facsimile: 301-540-5901
Bar No.: 15677

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 05-02-03, I caused a copy of the foregoing paper to be hand delivered, to: Royal W. Craig, Esq. and to Deborah J. Westervelt, Esq., both being located at: 10 North Calvert Street, Suite 153, Baltimore, MD 21202; Howard G. Goldberg, Esq. and Betty Sue Diener, Esq., Goldberg Pike and Besche, P.C., 101 N. Charles Street, 2nd Floor, Baltimore, MD 21201; and, Terrence M. McShane and Arthur T. K. Norris, 1211 Connecticut Avenue, N.W., Suite 425, Washington, D.C. 20036.

_____
Christopher M. Johns, Esq.