IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MICHAEL HACKLEY ARCHITECTS,** <br> **P.C. AND MICHAEL HACKLEY,** <br><br> **Plaintiffs,** <br><br> V. <br><br> **LVLX, INC., JOHN LEE,** <br> **COMMERCIAL FINISH GROUP,** <br> **INC., JEFFREY WAY, AND** <br> **JOHN TROUTON** <br><br> **Defendants.** | * <br><br> * <br><br> * <br><br> *     **CASE NO: JFM 02 CV 3363** <br><br> * <br><br> * <br><br> * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFFS MICHAEL HACKLEY AND MICHAEL HACKLEY ARCHITECTS, P.C.'S MOTION TO QUASH SUBPOENA DUCES TECUM OF CHEVY CHASE BANK

Plaintiffs Michael Hackley and Michael Hackley Architects, P.C. moves this Court to quash the subpoena duces tecum served upon Chevy Chase Bank on June 12, 2003 on behalf of Defendants LVL X, Inc., John Lee, and Jeffrey Way. [Exhibit I.] Defendants served a copy of said subpoena on Plaintiffs by hand delivery on June 16, 2003.

As further explained below, this motion is made upon the grounds that the subpoena is excessive in scope, unreasonable and oppressive, and is irrelevant and not likely to lead to admissible evidence.

In Defendants' Schedule A to the subject subpoena, Defendants request documents related to the following checking accounts: Account Number 664373909; Robert Michael Hackley, R. Michael Hackley, or Michael Hackley (SS# 512-212-3612); Michael Hackley Architects; and Michael Hackley Architects, P.C. For these checking accounts, Defendants request checks and deposit slips that contain any of a list of names in the years 1998 through 2003. For the year 2003, Defendants request any checks that indicate payment for telephone services. These requests are a blatant attempt by Defendants to

harass the Plaintiffs and obfuscate the true issues of this Copyright Infringement and Lanham Act Violation action.

This action is a straightforward case of multiple incidents of copyright infringement and false designation of origin as proscribed by the Lanham Act. The elements of copyright infringement are: the ownership of a valid copyright, and copying as determined by access and substantial similarity. The elements of false designation of origin are equally straightforward. False designation of origin under the Lanham Act requires the misuse in commerce of any word, term, name, symbol, or device, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities. The details of Plaintiffs' bank records in no way prove or disprove the elements of the counts in this action.

There is no legitimate reason for Plaintiff Michael Hackley's personal banking records to be produced, making this request unreasonable and far beyond the scope of this action. Further, producing the requested documents is a ridiculous amount of work, making it difficult, if not impossible, for the bank to comply without turning over all bank records for all plaintiffs.

This request for production of Plaintiffs' personal and business bank records is excessive in scope, unreasonable and oppressive, and irrelevant and not likely to lead to admissible evidence. Defendants have not articulated any reason for producing these personal and business banking records of Plaintiffs because there is no legitimate reason for Defendants to obtain access to this information.

In Defendants' original Answer to Plaintiffs Complaint, Defendants pleaded Counterclaims related to purported negligence and errors and omissions. These Counterclaims were dismissed by an Order of this Court on March 18, 2003 and are no longer before this Court. While it may be argued that Plaintiffs' business bank records may have some relevance to a state court action for negligence,

Plaintiffs' business and personal bank records are far removed from any relevant evidence in a copyright infringement and Lanham Act violation action.

WHEREFORE, Plaintiffs' personal and business bank records are clearly not relevant nor likely to lead to admissible evidence, and the request for such records is excessive in scope, unreasonable and oppressive, Plaintiffs pray that this Court quash the subpoena issued by Defendants to Chevy Chase Bank.

*   *   *   *   *   *

Respectfully submitted,

Attorneys for Plaintiffs Michael Hackley and Michael Hackley Architects, P.C.

___/s/_____
Royal W. Craig, Fed.Bar No. 24,546
Deborah J, Westervelt; Fed Bar. No. 26,282
The Law Offices of Royal Craig, P.C.
10 North Calvert Street, Suite
Baltimore, Maryland 21202
(410)385-2383
Facsimile: (410)385-2385

Dated:  June 20, 2003

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that true and correct copy of the foregoing Motion to Quash was furnished this 20th day of June, 2003, Via First Class Mail, postage prepaid, to the following addressees:

Christopher Johns, Esq.
P.O. Box 975
Laurel, MD 20707

Terrence Lee McShane
Lee & McShane, P.C.
1211 Connecticut Avenue N.W.
Suite 425
Washington, D.C. 20036

_____/s/_____
Deborah J. Westervelt
The Law Offices of Royal Craig
10 North Calvert Street
Suite 153
Baltimore, Maryland 21202
410.385.2383
410.385.2385 (facsimile)