IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **MICHAEL HACKLEY ARCHITECTS, P.C. AND MICHAEL HACKLEY** | * | |
|  | * | |
| **Plaintiffs** | * | |
|  | * | |
| V. | * | **CASE NO.: JFM 02 CV 3363** |
|  | * | |
| **LVL X, INC., JOHN LEE, COMMERCIAL FINISH GROUP, INC., JEFFREY WAY, AND JOHN S. TROUTON** | * | |
|  | * | |
| **Defendants.** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF PLAINTIFFS MOTION TO COMPEL DEFENDANTS LVL X, INC. JOHN LEE AND JEFFREY WAY TO RESPOND TO DISCOVERY

Plaintiff, Michael Hackley Architects, P.C. and Michael Hackley have moved, pursuant to Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure, for an Order compelling Defendants LVL X, Inc., John Lee, and Jeffrey Way (hereinafter referred to as "Defendants") to expeditiously Provide Responses to Discovery. This Memorandum is submitted in support of Plaintiffs' Motion.

BACKGROUND

Plaintiffs, Michael Hackley Architects, P.C. and Michael Hackley, filed their original Complaint on October 11, 2002, alleging copyright infringement and unfair competition action under Section 1143 of the Lanham Act.  On November 25, 2002, Plaintiffs filed an Amended Complaint to add a party, which brought the number of defendants to five.  Defendants' Answer to the Original Complaint was received on December 10, 2002.  This Court issued a Scheduling Order on December 13, 2003 that included a Discovery Deadline of April 28, 2003.  On December 26, 2003, the parties filed a Joint Scheduling Report requesting that the Court extend the dates in the Scheduling Order each by sixty days, therefore moving the Discovery Deadline to June 28, 2003.  On December 31, 2002, Judge J. Frederick Motz approved the proposed amendments to the dates set forth in the Scheduling Order.

On January 31, 2003, Plaintiffs served their First Set of Interrogatories and First Request for the Production of Documents and Things to Defendants. Defendants served their insufficient responses to Plaintiffs' Interrogatories and Production Requests on March 26, 2003. [See Exhibit I.] On April 11, 2003, Plaintiffs sent Defendants a letter requesting substantive responses to discovery requests, and a date when the documents to be produced would be available for pick-up and copying.  [See Exhibit II.] This April 11, 2003 letter requested a response from Defendants within ten days.  On April 24, 2003, in a telephone conversation between counsel, counsel for Defendants advised that documents would be available on April 30, 2003.  On May 5, 2003, Plaintiffs received a response from Defendants reasserting their objections and refusing to provide the requested documents.  [See Exhibit III.]  Incomplete Documents were produced by Defendants on May 8, 2003.   However, these documents were clearly incomplete.  On June 6, 2003, Plaintiffs sent a letter and served their Second Request for Production of Documents and

*Memorandum Motion to Compel*
*Hackley v. LVL X et al.*
*7/1/2003*
*Page 2*

Things to Defendants. [See Exhibit IV.] The letter stated that if these documents were not provided by June 16, 2003, two days prior to the deposition of John Lee, that Plaintiffs may be required to depose Mr. Lee again, specifically on these items when received. Plaintiffs also advised Defendants that they would have no other recourse but to file a Motion to Compel Discovery if the documents were not received by June 20, 2003. As of this date, 2003, Plaintiffs have not yet received a response from Defendants in the form correspondence nor through the actual production of the documents requested.

## THE DISPUTED DISCOVERY ITEMS

In Plaintiffs' letter dated June 6, 2003, Plaintiffs asked the Defendants to identify and provide relevant documents requested in Interrogatory No.'s 8, 9, 10 and 11 to Defendants John Lee and LVL X, Inc.. These Interrogatory answers will provide each and every communication and documents relating to Michael Hackley and the Prince George's Plaza store, any and all communication between John Lee and Commercial Finish Group, and any other communication between John Lee and any other architects, including but not limited to Jeffrey Way and John Trouton which are essential discovery items in this case.

*Interrogatory No. 8: Identify each document or communication relating to Michael Hackley and Michael Hackley Architects, P.C. concerning the design if the Prince George's Plaza LVL X Store, including the date if each communication or document, the substance of each communication, the person(s) who were parties to each communication, the nature of the communication (i.e. oral, written, etc.), the identity of all persons with personal knowledge of such communication or document, and the person(s) having possession, custody or control of such documents.*

Answer No.8: Defendants object to this interrogatory because it is: (i) overly broad; (ii) unduly burdensome; (iii) ambiguous; (iv) vague; and, (v) plaintiffs fail/refuse to fully allege or disclose which elements of the plans at issue they contend were infringed.

Defendants' response to Interrogatory No. 8 directed Plaintiffs to answers 7 and 10 and documents produced in response to requests. However, neither the answers in 7 and 10 nor the documents produced contained such information. The only documents produced were communications between Michael Hackley and Defendants. No other responsive documents were produced.

*Interrogatory No. 9: Identify all persons responsible for conception, research and development of new retail store space for LVL X, Inc.*

Answer No. 9: Defendants object to this interrogatory because it is: (i) overly broad; (ii) unduly burdensome; (iii) ambiguous; (iv) vague; and, (v) plaintiffs fail/refuse to fully allege or disclose which elements of the plans at issue they contend were infringed.

Defendants' original response to this Interrogatory was an objection and in the May 5, 2003 letter they reasserted their objection. As this action is a copyright infringement and Lanham Act action involving architectural design and drawings of retail spaces for LVL X, Inc., this information is necessary to determine whether other witnesses may be necessary to depose.

*Interrogatory No. 10: Identify each and every communication between you and Commercial Finish Group concerning the design of the Prince George's Plaza LVL X Store, including the date of each communication or document, the substance of each communication, the person(s) who were parties to each communication, the nature of the communication (i.e. oral, written, etc.), the identity of all persons with personal knowledge of such communication or document, and the person(s) having possession, custody or control of such documents.*

Answer No. 10: Defendants object to this interrogatory because it is: (i) overly broad; (ii) unduly burdensome; (iii) ambiguous; (iv) vague; and, (v) beyond the scope of discovery. There were communications concerning: (1) the budget; (2) the plans at issue substantially not conforming to the budget; (3) the plans at issue substantially not conforming to the actual space as there was: an additional 381 square feet in the plans that did not actually exist; (4) a conveyer in the middle of the floor that existed, but that was not in the plans; (5) a large wall that was in a different location than on the plans, (6) a substantial difference in HVAC capacity between the plans and what actually existed, and (7) in other ways; (8) Hackley pulling the permit for plans for which LVL X paid; (9) Hackley keeping a chandelier for which LVL X had also paid; (10) PG County, through Tom Mattson, advising LVL X to hire another architect to review the plans

for permitting purposes; (11) hiring another architect to make a new set of plans; (12) building a simple white box store; (13) material; (14) finishes; (15) 2x4 ceiling tiles; (16) white ceramic tile flooring; (17) drywall and white paint; (18) jointed plans glass window store front; (19) laminate finish around door casing; and, (20) other matters.  Communications took place between/among defendants, their employees, and others, at various times around the dates PGP was leased and finished.  Also, see the documents produced in response to documents request.

Although Defendants provided an Answer to Interrogatory No. 10, the response was broad, failing to include dates and specific correspondence and/or relevant communications and documents sent between the parties.  Commercial Finish Group, Inc. was the General Contractor for the subject retail space construction, yet Defendants produced no documents.

*Interrogatory No. 11:  Identify each and every communication between you and any other architect, other than Plaintiffs, including, but not limited to, Jeffrey Way and/or John Trouton concerning the design of the Prince George's Plaza LVL X Store, including the date of each communication or document, the substance of each communication, the person(s) who were parties to each communication, the nature of the communication (i.e. oral, written, etc.), the identity of all persons with personal knowledge of such communication or document, and the person(s) having possession, custody or control of such documents.*

Answer No. 11:  Defendants object to this interrogatory because it is: (i) overly broad; (ii) unduly burdensome; (iii) ambiguous; (iv) vague; (v) beyond the scope of discovery; and, (vi) defendant Jeffrey Way did not perform any design functions.  LVL X communicated to John Trouton about: the budget; and, that it wanted: a plain, simple and inexpensive white box design 2x4 ceiling tiles; white ceramic flooring; white ceramic flooring; white paint and drywall; jointed plan glass window store front; laminate finish around the door casing; and other matters.  See, documents produced.

Defendants' response to Interrogatory No. 11 is also insufficient.  Plaintiffs ask for any communication including, the substance of the communication, the parties involved in the communication, and the nature of the communication whether oral or written.  Defendants once again failed to provide the requested and relevant information when answering the Interrogatory and when providing the Production of Documents Requested.  No responsive documents were produced.

*Memorandum Motion to Compel*
*Hackley v. LVL X et al.*
*7/1/2003*
*Page 5*

With regard to Interrogatory No.'s 3 and 7 to Defendant Jeffrey Way, it was the Defendants contention that Defendant Jeffrey Way did not provide any design services to the Prince George's Plaza store, simply "reviewed and sealed, for permit purposes only the plans at issue in this case." Nevertheless, Plaintiffs request that Defendants provide any communication including, but not limited to, any correspondence and documents relating to that action. No responsive documents were produced.

*Interrogatory No. 3: Characterize and describe your professional services provided to LVL X, Inc. Inc. and/or John Lee and identify each document or communication referring or relating to the details of such professional services, including, but not limited to, any written agreement, purchase order, or similar instrument.*

Answer No. 3: Defendant objects to this interrogatory on the following grounds: by asking defendant to "characterize" infringes on defense counsel's absolute, unqualified privilege that protects counsel's personal impressions, conclusions, opinions, and legal theories. Without waiving this objection: LVL X, Inc. retained defendant himself during 07-2002 only to review and seal, for permit purposes, the plans at issue in this case.

Defendants object on the basis that Jeffrey Way's professional services were only obtained for the purpose of reviewing and sealing the plans at issue in this case. However, Defendants neglected to describe any communication pertaining to those services and to provide any documents evidencing such agreements between Defendants. No responsive documents were produced.

*Interrogatory No. 7: Identify each document or communication relating to Michael Hackley Architects, P.C. concerning the design of the Prince George's Plaza LVL X Store including the date of each communication or document, the substance of each communication, the person(s) who were parties to each communication, the nature of the communication (i.e. oral, written, etc.), the identity of all person(s) having possession, custody or control of such documents.*

Answer No. 7: Objection. Defendant does not contend that he engaged in a design process relative to the PGP store. The communication that defendant had with defendants LVL X and John Lee was that LVL X, Inc. retained defendant himself during 07-2002 only to review and seal, for permit purposes, the plans at issue in this case. Although defendant was not a party

gto the communication, the permit office recommended LVL X, Inc. to hire an architect like defendant only to review and seal, for permit purposes, the plans at issue.

Defendants objects to this Interrogatory on the basis that Defendant does not contend that he engaged in a design process relative to the PGP store.  Defendants assert that the only communication between Defendants only dealt with the "review and seal" for permit purposes only, the plans at issue.  Nevertheless, no responsive documents were provided by the Defendants evidencing such communications.

*Interrogatory No. 9:  Identify each and every communication between you and LVL X, Inc. and/or John Lee concerning the design of the Prince George's Plaza LVL X Store, including the date of each communication or document, the substance of each communication, the person(s) who were parties to each communication, the nature of the communication (i.e. oral, written, etc.), the identity of all persons with personal knowledge of such communication or document, and the person(s) having possession, custody or control of such documents.*

It is Defendants contention that Jeffrey Way "did not engage in a design process relative to the Prince George's Plaza store," but "reviewed and sealed, for permit purposes only, the plans at issue in this case."  Plaintiffs have requested that Defendants provide correspondence and documents relating to that action which Defendants have failed to provide.

On June 6, 2003, Plaintiffs served Defendants with a Second Request for Production of Documents and Things to Defendants LVL X, Inc. and John Lee.

*Request No. 1:  All architectural drawings, sketches, and plans submitted to the respective authority for permit purposes for any LVL X stores built subsequent to the PGP store, including but not limited to the Wheaton store in The Wheaton Mall, Silver Spring, Maryland; Towson Town Center store, Towson, Maryland; and the Peramus Park Mall store, Peramus, New Jersey.*

As of this date, Plaintiffs have still not received a response from Defendants in regards to this request for production of documents relevant to this case.

*Memorandum Motion to Compel*
*Hackley v. LVL X et al.*
*7/1/2003*
*Page 7*

As set forth above, Plaintiffs have made a good faith effort to obtain the requested information from Defendants.

## CONCLUSION

For the reasons set forth above, given the relevance of the requested communications and documents to this case, and Defendants' lack of any reasonable basis for their non-compliance, Defendants are not justified in failing to comply with the aforementioned Discovery requests, and Plaintiffs Motion for an Order Compelling Discovery should be granted.

Respectfully submitted,

_____/s/_____
Royal W. Craig
Deborah J. Westervelt
Law Offices of Royal W. Craig
10 North Calvert Street, Suite 153
Baltimore, Maryland 21202
(410) 385-2383