IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MICHAEL HACKLEY ARCHITECTS,** <br> **P.C. AND MICHAEL HACKLEY,** <br><br> **Plaintiffs,** <br><br> V. <br><br> **LVLX, INC., JOHN LEE,** <br> **COMMERCIAL FINISH GROUP,** <br> **INC., JEFFREY WAY, AND** <br> **JOHN TROUTON** <br><br> **Defendants.** | * <br><br> * <br><br> * <br><br> *     **CASE NO: JFM 02 CV 3363** <br><br> * <br><br> * <br><br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFFS MICHAEL HACKLEY AND MICHAEL HACKLEY ARCHITECTS, P.C.'S MOTION TO QUASH DEFENDANT'S DEPOSITION OF RICHARD ZAMBITO

Plaintiffs Michael Hackley and Michael Hackley Architects, P.C. move this Court to quash Defendants LVL X, Inc., John Lee and Jeffrey Way's (hereinafter referred to as "Defendants") Deposition of Richard Zambito of June 24, 2003 at 6:30 p.m. in Alexandria, Virginia. The grounds for this Motion are as follows:

Defendants failed to timely notice Richard Zambito's deposition as prescribed by Rule 30(b)(1) of the Federal Rules of Civil Procedure, Maryland Rule 104 Discovery in general, and more specifically the Discovery Guidelines of the United States District Court for the District of Maryland, Guideline 8.

(1) On Friday June 20, 2003 at 4:00 p.m., counsel for Defendant telephoned Plaintiffs counsel and spoke to Plaintiffs counsel's assistant to advise that a deposition was scheduled for Mr. Richard Zambito on June 24, 2003 at 6:30 pm. in Alexandria, Virginia.

(2) On Monday, June 23, 2003 when Plaintiffs counsel arrived at her office, she found a facsimile from Defendant's counsel informing her for the first time of Mr. Zambito's scheduled deposition on Tuesday, June 24, 2003.

(3) Additionally, Plaintiffs' counsel and Defendants' counsel have never discussed deposing Mr. Zambito at any time. The telephone call on Friday June 20, 2003 was the first indication from Defendants that they wish to depose Mr. Zambito.

(4) Furthermore, Mr. Zambito is not a witness listed on Defendant's Answers to Interrogatories as anyone having knowledge of the facts of the case at hand or as a witness that will be deposed.

(5) On June 23, 2003 and again on June 24, 2003, Counsel for Plaintiffs advised counsel for Defendants that reasonable notice is required by the Rules and reasonable notice was not provided by Defendants. Counsel for Plaintiffs further advised that she would not attend the deposition of Mr. Zambito on June 24, 2003 because reasonable notice was not provided and if Defendants persisted on taking such deposition on June 24, 2003 without Plaintiff counsel present, Plaintiffs would have no recourse but to file this Motion to Quash such deposition. [See Exhibit I.]

(6) Rule 30(b)(1) of the Federal Rules of Civil Procedure requires that a party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. Under Maryland Rule 104 Discovery in general, and more specifically in The Discovery Guidelines of the United States District Court for the District of Maryland, Guideline 8: Delay in Responding to Discovery Requests (b) Depositions, it states that unless otherwise ordered by the Court or agreed upon by the parties, eleven (11) days notice shall be deemed to be "reasonable notice" within the meaning of Fed. R. Civ. P. 30(b)(1), for the noting of depositions.

(7) On June 24, 2003 at 3:00 p.m. (three and one half hours before the time of deposition), at the close of another deposition, counsel for Defendants handed counsel for Plaintiffs a subpoena for Mr. Zambito's deposition to be taken at 6:30 p.m. This was the first time that counsel for Plaintiffs had been given any official notice of said deposition.

*Hackley v. LVL X et al.*
*Motion to Quash Defendant's Notice of Deposition of Richard Zambito*
Page 2

(8) Two business days is insufficient time to prepare for a deposition of a witness for which Plaintiffs had no prior indication from Defendants that the deposition would be taken.

(9) Therefore, Plaintiffs assert that two days is not reasonable notice within the federal rules and the deposition of Richard Zambito held on June 24, 2003 at 6:30 p.m. must be quashed.

WHEREFORE, Plaintiffs respectfully request the Court to quash the Deposition of Richard Zambito taken on June 24, 2003 at 6:30 p.m.

    \_\_\_\_/s/_____
Attorneys for Plaintiffs
Royal W. Craig
Deborah J. Westervelt
Attorneys for Plaintiffs
Law Offices of Royal W. Craig
10 North Calvert Street
Suite 153
Baltimore, Maryland 21202
(410) 385-2383

Dated: June 25, 2003

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copy of the foregoing Motion to Quash was furnished this 25th day of June, 2003, Via First Class Mail, postage prepaid, to the following addressees:

Christopher Johns, Esq.
P.O. Box 975
Laurel, MD 20707

Terrence Lee McShane
Lee & McShane, P.C.
1211 Connecticut Avenue N.W.
Suite 425
Washington, D.C. 20036

_____/s/_____
Deborah J. Westervelt
The Law Offices of Royal Craig
10 North Calvert Street
Suite 153
Baltimore, Maryland 21202
410.385.2383
410.385.2385 (facsimile)

*Hackley v. LVL X et al.*
*Motion to Quash Defendant's Notice of Deposition of Richard Zambito*
*Page 4*