# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL HACKLEY ARCHITECTS, P.C. AND MICHAEL HACKLEY, * | |
| * | |
| Plaintiffs, | |
| * | |
| v. | |
| * | CASE NO: JFM 02 CV 3363 |
| LVLX, INC., JOHN LEE, COMMERCIAL FINISH GROUP, INC., JEFFREY WAY, AND JOHN TROUTON | * |
| * | |
| * | |
| Defendants. * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>PLAINTIFFS MICHAEL HACKLEY AND MICHAEL HACKLEY ARCHITECTS, P.C. MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT</u>**

**TABLE OF CONTENTS**

**Table of Authorities**………………………………………………………………………………..ii

I.    **Introduction**…......………………………………………………………………………...1

II.    **Procedural Background**…....………..…………………..……………………………….2

III.    **Statement of Material Facts Not in Dispute**………………………………………………...3

    A.    The Parties…………………………………………………………………………...3

    B.    The Relationship Between LVL X, Inc., John Lee and Michael Hackley and Michael Hackley Architects, P.C…………………………………………………………………….3

    C.    The Termination of the Relationship Between Michael Hackley Architects, P.C., Michael Hackley Architects, and John Lee, LVL X, Inc…………………………………………3

    D.    The Drawings of the Prince George's Plaza LVL X Store……………………….4

IV.    **Standard of Review**…………………………………..……………………………….6

V.    **Argument**……………………..…………………………………………………….....7

    A.    Defendants' Actions Have a Substantial Economic Effect on Interstate Commerce…………………………………………………………………………….…...8

    B.    The False Designation Creates a Likelihood of Confusion……………………….9

    C.    Contributory Infringement……………………………………………………….11

VII.    **Conclusion**………………………………………..……………………………….12

# TABLE OF AUTHORITIES

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)……………………………………..6, 7

Celotex Corp. v. Catrett, 106 U.S. 2548 (1986)……………………………………………......6

Champions Golf Club, Inc. v. The Champions Golf Club, Inc.,
78 F.3d 1111 (6th Cir. 1996)……………………………………………………………........9

Inwood Laboratories, Inc. v. Ives Laboratories, Inc., 456 U.S. 844 (1982)…………....................11

Johnson v. Jones et al., 149 F.3d 494 (6th Cir. 1998)……………………………………....8, 9, 10

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)…………………….6, 7

Scotto v. Almenas, 143 F.3d 105 (2nd Cir. 1998)…………………………………….....................7

Wynn Oil Co. v. American Way Service Corp., 943 F.2d 595 (6th Cir. 1991)………......................9

15 U.S.C. §1125……………………………………………………………………...1, 6, 7

Fed. R. Civ. P. 56(c)……………………………………………………………………………6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL HACKLEY ARCHITECTS, P.C. AND MICHAEL HACKLEY, | * |
| | * |
| Plaintiffs, | * |
| v. | *    CASE NO: JFM 02 CV 3363 |
| LVLX, INC., JOHN LEE, COMMERCIAL FINISH GROUP, INC., JEFFREY WAY, AND JOHN TROUTON | * |
| | * |
| Defendants. | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**<u>PLAINTIFFS MICHAEL HACKLEY AND MICHAEL HACKLEY ARCHITECTS, P.C. MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiffs Michael Hackley and Michael Hackley Architects, P.C. (collectively, "Plaintiffs") move for summary judgment of Count II of their Complaint, False Designation of Origin under Section 43(a) of the Lanham Act. For the reasons set forth below, this Court should grant summary judgment on Count II on the ground that there are no genuine issues as to any material facts, and the Plaintiffs are entitled to judgment as a matter of law.

**I.     INTRODUCTION**

This case involves a straightforward dispute as to whether Defendants infringed Plaintiffs' copyright in their architectural works and whether Defendants John Lee, LVL X, Inc., and Jeffrey Way violated the prohibition against false designation of origin under the Lanham

Act, Section 43(a). Based on the undisputed facts of this case, there are no genuine issues of material fact with regard to False Designation of Origin and thus, Plaintiffs are entitled to summary judgment regarding this Count II as a matter of law.

## II. PROCEDURAL BACKGROUND

On October 11, 2002 Plaintiffs Michael Hackley and Michael Hackley Architects, P.C. filed their Complaint in this matter. Count I alleges copyright infringement of Plaintiffs' architectural works and is not the subject of this Motion. Count II alleges False Designation of Origin under the Lanham Act and this Count II is the subject of this Motion.

On November 25, 2002, Plaintiffs filed an Amended Complaint to add a party, John Trouton. Plaintiffs and John Trouton have negotiated a settlement agreement.

On December 10, 2002, Defendants John Lee, LVL X, and Jeffrey Way filed their Answer to Complaint, alleging numerous Counterclaims for negligence and fraud.

On December 30, 2002, Plaintiffs filed a Motion to Dismiss Defendants' Counterclaims and to Strike some Affirmative Defenses. A hearing was held on March 14, 2003 and on March 18, 2003 an Order was issued by this Court dismissing the Counterclaims and granting leave for Defendants to amend their Answer to plead the fraud Affirmative Defenses with particularity.

On April 2, 2003, Defendants filed their Amended Answer.

On May 12, 2003, Defendant Commercial Finish Group, Inc. was dismissed from this Action upon a Consent Motion following a settlement agreement between Plaintiffs and Commercial Finish Group.

### III. STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

#### A. The Parties

Michael Hackley Architects, P.C, an architecture firm organized and located in Maryland, is owned by Michael Hackley.  Michael Hackley Architects designs, among other things, retail store spaces. [Comp. at ¶ 2]

Jeffrey Way is an Architect who owns A+ Architects, LLC, located in Crofton. Maryland. [**Ex. A**, Deposition of Jeffrey Way, page 8, lines 12-15]

LVL X, Inc. is a corporation incorporated in Maryland that sells women's clothing retail. [**Ex. B**, Deposition of John Lee, page 15, line 14 - page 16, line 9]

John Lee is the President of LVL X, Inc. [**Ex. B**, page 15, lines 11-13]

#### B. The Relationship Between LVL X, Inc., John Lee and Michael Hackley and Michael Hackley Architects, P.C.

Michael Hackley designed thirteen stores bearing the tradename LVL X, LEVEL 10, or both for John Lee.  Michael Hackley designed the first and second Prince George's Plaza LVL X store. [**Ex. B**, Deposition of John Lee, page 116, line 9 – page 117, line 18; **Ex. C**, Defendants LVL X, Inc. and John Lee's Answers to Plaintiffs' First Set of Interrogatories, Interrog. No. 15]

#### C. The Termination of the Relationship Between Michael Hackley Architects, P.C., Michael Hackley Architects, and John Lee, LVL X, Inc.

On June 6, 2002, John Lee telephoned Michael Hackley and informed him that he was terminating the services of Michael Hackley Architects, P.C. [**Ex. B**, Deposition of John Lee, page 171, line 18 - page 172, line 10]

On June 7, 2002, Michael Hackley sent a letter to John Lee confirming that Michael Hackley Architects, P.C. would be stopping work on LVL X, Inc. outstanding projects until payment was made. [**Ex. D**, Deposition of Michael Hackley, page 148, lines 16-22] and Exhibit 37 thereto. (Defendants' counsel retained Exhibits for copying and has not yet distributed Exhibits to plaintiff's counsel; the document included with Ex. D, which was produced in discovery by defendants, is a duplicate of the document that comprises Exhibit 37)

### D. The Drawings of the Prince George's Plaza LVL X Store

Michael Hackley and John Lee began a business relationship on or about April 1998, wherein Michael Hackley would design retail store space for LVL X stores. In all, Michael Hackley designed thirteen stores for John Lee. [**Ex. C**, Defendant John Lee and LVL X's responses to Plaintiffs First Set of Interrogatories, Interrog. No. 15] For the first several stores, the parties had written agreements whereby Michael Hackley would design retail stores for LVL X, and LVL X would compensate Michael Hackley Architects, P.C. in return. Due to their familiarity and high level of comfort from working with each other over a period of five (5) years, the parties ceased creating written agreements and subsequent stores were designed and Michael Hackley billed his fees based on the parties' previous course of conduct. [**Ex. B** Deposition of John Lee, page 146, lines 4-17]

On May 16, 2002, Michael Hackley Architects, P.C. submitted architecture drawings for the Prince George's Plaza LVL X Store to Prince George's County Department of Environmental Resources to obtain a building permit. [**Ex. D**, Deposition of Michael Hackley, page 173, lines 21-22]

On May 21, 2002, Prince George's County Department of Environmental Resources issued a permit to Michael Hackley Architects, P.C. [**Ex. F**, Deposition of Behdad Kashanian, page 8, lines 2-12]

On or about July 25, 2002, Jeffrey Way affixed his seal to and signed Michael Hackley's drawings. [**Ex. A**, Deposition of Jeffrey Way, page 19, lines 13-18; **Ex. E**, deposition of Malinda Steward, page 72, lines 5-22-page 73, lines 1-2, **Ex. G**, reduced copy of the first page of the set of drawings entered as Exhibit 16 to Deposition of Malinda Steward.] (Defendants' counsel retained Exhibits for copying and has not yet distributed Exhibits to plaintiff's counsel. **Exhibit G** of this Memorandum is a reduced copy of a duplicate of the document that comprises Exhibit 16, which was subpoenaed from Prince George's County Department of Environmental Resources)]

LVL X, Inc. commissioned Jeffrey Way to sign and seal Michael Hackley's drawings. [**Ex. A**, Deposition of Jeffrey Way, page 25, lines 10-18]

LVL X, Inc. paid Jeffrey Way $1,200.00 for signing and sealing Michael Hackley's drawings. [**Ex. A**, Deposition of Jeffrey Way, page 25, lines 15-18]

On July 26, 2003, Ron Reese, an agent of LVL X, Inc. presented an application for permit to Prince George's County Department of Environmental Resources, along with the Michael Hackley drawings with Jeffrey Way's signature and seal and Michael Hackley's name redacted. Jeffrey Way was identified as the architect of record on the application for permit. [**Ex. E**, Deposition of Malinda Steward, page 68, lines 11-12; page 70, lines 2-5, and Exhibit 14 thereto (Defendants' counsel retained Exhibits for copying and has not yet distributed Exhibits to plaintiff's counsel. **Exhibit H** of this Memorandum is a duplicate of the document that

*Hackley v. LVL X, Inc. et al*
*MSJ*
*Page 5*

comprises Exhibit 14, which was subpoenaed from Prince George's County Department of Environmental Resources)]

## IV.     STANDARD OF REVIEW

Under Rule 56, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 106 U.S. 2548, 2550 (1986).  Under such circumstances, the moving party is entitled to judgment as a matter of law "because the nonmoving party has failed to make a sufficient showing on an essential element of her case, "which "necessarily renders all other facts immaterial." Id.

"The mere existence of a scintilla of evidence in support of the [non-moving] party's position will be insufficient; there must be evidence on which a reasonable jury could reasonably find for plaintiff."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Once a summary judgment motion is made and properly supported, the adverse party may not rest on the mere allegations of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *see Celotex, supra*.  The non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and "may

not rely on conclusory allegations or unsubstantiated speculation." Scotto v. Almenas, 143 F.3d 105, 114 (2nd Cir. 1998).  Moreover, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248. Plaintiffs are entitled to summary judgment on Count II under this standard.

**V.    ARGUMENT**

This Court should enter summary judgment on behalf of Plaintiffs concerning Plaintiffs' claim for False Designation of Origin under the Lanham Act. Section 43(a) of the Lanham Act, 15 U.S.C. §1125, provides in relevant part that…

> (a)(1) Any person who, on or in connection with any goods or services…uses in commerce…any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> (A) is likely to cause confusion or to cause mistake, or to deceive…as to the origin…of his or her goods, services, or commercial activities by another person,…
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

To establish a claim for false designation of origin, a Plaintiff must demonstrate that (1) the false designation has a substantial economic effect on interstate commerce; and (2) the false

designation must create a likelihood of confusion. Johnson v. Jones et al., 149 F.3d 494 (6th Cir. 1998).

### A. Defendants' Actions Have a Substantial Economic Effect on Interstate Commerce.

Michael Hackley and Jeffrey Way are both architects, who provide architecture services. Michael Hackley is a licensed Architect in Maryland, Virginia, the District of Columbia, Pennsylvania, Delaware, and New York and has worked in these states. [Comp. ¶ 5]  Jeffrey Way is a licensed architect in Maryland and the District of Columbia. [**Ex. A**, Deposition of Jeffrey Way, page 9, lines 1-5]  At the direction of John Lee and upon payment of $1,200.00 from LVL X, Inc., Jeffrey Way signed and sealed Michael Hackley's architectural drawings for the Prince George's Plaza LVL X store, with Michael Hackley's name redacted. [**Ex. A**, Deposition of Jeffrey Way, page 19, lines 13-18]  On July 25, 2002, Michael Hackley's drawings with Jeffrey Way's signature and seal were presented to Prince George's County Department of Environmental Resources with the intention to obtain a permit for the space.  [**Ex. E**, Deposition of Malinda Steward, page 68, lines 11-12; page 70, lines 2-5, and Exhibit 14 thereto (Defendants' counsel retained Exhibits for copying and has not yet distributed Exhibits to plaintiff's counsel.  **Exhibit H** of this Memorandum is a duplicate of the document that comprises Exhibit 14, which was subpoenaed from Prince George's County Department of Environmental Resources.)] Jeffrey Way affixed his signature and architect seal on drawings that were created by Michael Hackley.  As Michael Hackley is a licensed architect in six jurisdictions and his drawings with Jeffrey Way's signature and seal were presented to Prince George's County Department of Environmental Resources, such action constitutes a false designation of

origin. Thus, Jeffrey Way's seal and stamp on Michael Hackley's drawings "hinders [Michael Hackley's] ability to conduct his interstate architecture business." Johnson at 501.

### B. The False Designation Creates a Likelihood of Confusion

Although the jurisdictional interstate commerce element is necessary, "likelihood of confusion is the essence of an unfair competition claim," Johnson at 502, citing Champions Golf Club, Inc. v. The Champions Golf Club, Inc., 78 F.3d 1111 at 1123 (6th Cir. 1996) (quoting Wynn Oil Co. v. American Way Service Corp., 943 F.2d 595 at 604 (6th Cir. 1991).). In a common Lanham Act claim the plaintiff asserts that the defendant is using a mark (trademark, service mark, etc.) so similar to the plaintiff's mark that the public is likely to confuse defendant's goods or services for that of the plaintiff. "By this act of deception, the infringing defendant can benefit from the plaintiff's goodwill without having to pay for it; in effect, the defendant steals the plaintiff's customers." Johnson at 502.

The present case is not the common Lanham Act case where the defendant has applied a mark so like the plaintiff's that the public is likely to believe that the defendant is the source of the goods or services. Here, the defendant has taken the plaintiff's product and represented it to be his own work. As the court in Johnson stated, "It is difficult to imagine how a designation of origin of a product could be more false, or could be more likely to cause confusion or mistake as to the actual origin of the product." Johnson at 501. By redacting Michael Hackley's name and placing his own name and seal on the drawings, Jeffrey Way intended for people to assume the drawings were his and not Michael Hackley's. With Jeffrey Way's signature and seal affixed to the drawings, anyone that looked at the drawings would believe that they were Jeffrey Way's.

*Hackley v. LVL X, Inc. et al*
*MSJ*
*Page 9*

As the court in Johnson stated, "this Court is hard-pressed to imagine what effect these actions could possibly have other than to convince anyone who looked at the plans that they were Tosch's [Way's] work. Few are the cases demonstrating a more obvious and imminent likelihood of confusion."

Johnson is squarely on point with the present action. Johnson, an architect, sued another architect, Tosch, and other defendants for, among other things, false designation of origin under the Lanham Act. In Johnson, Jones hired Johnson to design her dream house. Johnson developed the drawings and design, and was terminated from the project. Jones then hired Tosch to work on the project. Tosch took Johnson's drawings, and removed his name and seal and affixed his own, and then Tosch gave the drawings to another defendant who submitted them to the city inspector. The court found Tosch liable under the Lanham Act for false designation of origin. Johnson at 503. The facts of this case could hardly be more similar. Michael Hackley created drawings for the Prince George's Plaza LVL X store and obtained a building permit from Prince George's County Department of Environmental Resources using such drawings. As commissioned by John Lee and LVL X, Inc., Jeffrey Way affixed his signature and architect seal to Michael Hackley's drawings. This version of Michael Hackley's drawings with Jeffrey Way's signature and seal were submitted to Prince George's County Department of Environmental Resources to obtain a permit. As in Johnson, Jeffrey Way, John Lee and LVL X, Inc. are liable under the Lanham Act for False Designation of Origin.

### C. Contributory Infringement

In the Supreme Court ruling of <u>Inwood Laboratories, Inc. v. Ives Laboratories, Inc.</u>, 456 U.S. 844, 853 (1982), the court recognized that "liability for trademark infringement can extend beyond those who actually mislabel goods with the mark of another." The <u>Inwood</u> court noted that if a manufacturer or distributor intentionally induces another to infringe a trademark, that manufacturer or distributor is contributorily responsible for any harm resulting from the deceit. In the present case, John Lee and LVLX, Inc. controlled and directed the deceitful activities of Jeffrey Way. Jeffrey Way was contracted by LVL X, Inc. and John Lee to review, seal and stamp his seal on the plans for the Level X space in PG Plaza, for a fee of twelve hundred dollars ($1200.00) flat. [**Ex. A**, Deposition of Jeffrey Way, page 25, lines 10-18] Mr. Way admits his impression of his actions with regard to the Hackley drawings was that "he" (Michael Hackley) was a plan preparer, but that he (Jeffrey Way) "accepted their (LVL X) representation that the plans were theirs." [**Ex. A**, Deposition of Jeffrey Way, page 22, line 18-page 23, line 3; **Ex. A**, page 25, lines 10-18] Therefore, Jeffrey Way's action of signing and sealing the Hackley drawings was under the direct supervision and control of John Lee and LVL X, Inc. In this case, although Jeffrey Way's seal was stamped on the plans at issue, it was Level X, Inc. and John Lee who contracted and agreed to pay Jeffrey Way a flat fee to stamp his seal for purposes of obtaining a permit using Hackley's plans. [**Ex. B**, Deposition of John Lee, page 73 line 20 - page 74, line 21] Although the defendants contend that Jeffrey Way's seal and signature were for permit purposes only, Jeffrey Way was listed as the Architect of record on the permit application. [**Ex. E**, Deposition of Malinda Steward, page 68, lines 11-12; page 70, lines 2-5, and Exhibit 14 thereto (Defendants' counsel retained Exhibits for copying and has not yet

distributed Exhibits to plaintiff's counsel.  **Exhibit H** of this Memorandum is a duplicate of the document that comprises Exhibit 14, which was subpoenaed from Prince George's County Department of Environmental Resources)]  Thus, the actions of John Lee and LVL X, Inc. of hiring Jeffrey Way for the sole purpose of stamping and signing the Hackley drawings and submitting them to Prince George's County Department of Environmental Resources for permit (with Jeffrey Way listed as the Architect of Record on the permit application) clearly constitute contributory infringement for the violation of the Lanham Act, false designation of origin.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court to grant their Motion for Summary Judgment.

Attorneys for Plaintiffs,

_____/s/_____
Royal W. Craig, Fed. Bar No. 24,546
Deborah J. Westervelt, Fed. Bar No. 26,282
Attorneys for Plaintiffs
Law Offices of Royal W. Craig
10 North Calvert Street, Suite 153
Baltimore, Maryland 21202
(410) 385-2383

Dated: July 15, 2003

*Hackley v. LVL X, Inc. et al*
*MSJ*
*Page 12*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that true and correct copy of the foregoing Plaintiffs Michael Hackley Architects, P.C. and Michael Hackley Memorandum of Law in Support of their Motion for Summary Judgment was furnished electronically this 15th day of July, 2003 to the following addressees:

Christopher Johns, Esq.
P.O. Box 975
Laurel, MD 20707

Terrence Lee McShane
Lee & McShane, P.C.
1211 Connecticut Avenue N.W.
Suite 425
Washington, D.C. 20036

_____/s/_____
Deborah J. Westervelt
The Law Offices of Royal Craig
10 North Calvert Street
Suite 153
Baltimore, Maryland 21202
410.385.2383
410.385.2385 (facsimile)