IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL HACKLEY, et al.           :
    Plaintiffs,                  :
vs.                                :     JFM 02 CV 3363
LVL X, INC., et al.                :
    Defendants.                  :

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO QUASH RICHARD ZAMBITO'S DEPOSITION

    Defendants LVL X, Inc., John Lee, and Jeffrey Way respectfully oppose plaintiffs' motion to quash their deposition of Richard Zambito, and for grounds state that:

    1. Three major components of a conference table that Hackley owns, and the drawings for those components, are identical to the cash wrap detail in the PGP drawings that Hackley claims he originated. This particular table was designed by a famous architect. Hackley testified that he did not have such a table. Zambito testified that when he left Hackley's office, that Hackley did have, and bragged about, this table by the famous architect.

    2. Hackley is alleging that defendants infringed by copying his design for this cash wrap table. Also, one of the defenses in this case is that Hackley filed a false copyright application. One of the ways that it is false is that Hackley knowingly failed to list these three major design components, or this table, as derivative work taken from the famous architect.

    3. Hackley told John Lee that he derived the cash wrap design from said architect.

    4. Defendants did not anticipate having to depose Zambito until Hackley lied about these facts at his deposition. Hackley even denied having the table. It is bad faith for plaintiffs to complain about defendants deposing Zambito for several reasons: First, defendants deposed Zambito because Hackley lied about the aforesaid facts at his deposition. Second, plaintiffs rejected defendants offer to extend the discovery deadline date so that Zambito could be deposed at a later date. It was bad faith for plaintiffs to do so and then file a motion to extend

the discovery deadline. Third, when asked, plaintiffs' counsel could not give defense counsel any real reason as to why she could not attend, or where else she had to be. Fourth, it was only a five minute deposition to record the fact that Hackley did have the table which required little preparation. And fifth, apparently because of Hackley, Zambito did not want to volunteer.

5. Had Hackley not lied in his deposition about the above facts, Mr. Zambito's deposition would not have been necessary. In this regard Zambito is an impeachment witness.

WHEREFORE, defendants respectfully request the court to deny plaintiffs' motion.

Respectfully submitted,

_____/s/_____
Christopher M. Johns, Esq.
P.O. Box 975, Laurel, MD 20707
Telephone: 301-674-6900
Facsimile: 301-540-5901
Bar No.: 15677

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 07-16-03, I caused a copy of the foregoing paper to be served to: Deborah Westervelt, 10 North Calvert Street, Suite 153, Baltimore, MD 21202 and Terrence McShane, 1211 Connecticut Avenue, N.W., Suite 425, Washington, D.C. 20036.

_____/s/_____
Christopher M. Johns