IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL HACKLEY ARCHITECTS, P.C. AND MICHAEL HACKLEY, | * | |
| | * | |
| Plaintiffs, | | |
| | * | |
| V. | | |
| | * | CASE NO: JFM 02 CV 3363 |
| LVLX, INC., JOHN LEE, COMMERCIAL FINISH GROUP, INC., JEFFREY WAY, AND JOHN TROUTON | * | |
| | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS MICHAEL HACKLEY AND MICHAEL HACKLEY ARCHITECTS, P.C.'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THE SCHEDULING ORDER**

Plaintiffs, Michael Hackley and Michael Hackley Architects, P.C. submit this Reply to Defendant's Opposition to Plaintiff's Motion to Amend the Scheduling Order. This Court is requested to consider this Reply as defendants have made unsupported allegations and raised unfounded issues of plaintiffs' integrity and respect for this Court.

Defendants request that this Court deny Plaintiffs' Motion to Amend the Scheduling Order, and in support of this request, defendants offer unsupported allegations and preposterous conclusions. Plaintiffs contend that defendants are making a transparent attempt to put arguments before this Court that have no substance or basis in fact.  As explained below, defendants' allegations are misguided, and granting plaintiffs' Motion will not unnecessarily enlarge, complicate and delay this litigation and

further, that plaintiffs are not making an attempt to delay or complicate these proceedings, but are merely attempting to protect their right to discovery.

## ARGUMENT

Plaintiffs rejected defendants' offer to extend the discovery deadline date for depositions only. Counsel for defendants insistently requested that plaintiffs agree to extend the discovery deadline for depositions only. As Defendants' had not sufficiently responded to plaintiffs discovery requests, and ultimately, plaintiffs were forced to file a Motion to Compel, plaintiffs could not agree to a partial extension of the discovery deadline. Defendants did not object to extending the discovery deadline, as long as it was extended with the limitation of "for depositions only." [Exhibit A, June 23, 2003 correspondence from counsel for defendants.]

On numerous occasions, prior to the discovery deadline, plaintiffs requested that defendants provide dates on which they were available for a settlement conference in compliance with this Court's Scheduling Order. As shown in Exhibit B, plaintiffs requested a scheduling conference at least as early as May 29, 2003 and again on June 5, 2003 and June 18, 2003. On June 18, 2003, Plaintiffs suggested June 27, 2003 as a possible date and asked that defendants confirm by June 20, 2003. Defendants did not respond to this (or any prior) request for a settlement conference, but instead, on June 25, 2003 at 3:00 at the beginning of one of the defendants' depositions, stated that they would be "here" for a settlement conference on June 27, 2003 at 2:00. Plaintiffs never agreed to attend. Indeed, as the deposition was taking place in the offices of the Court Reporter, who happens to be in the same building as plaintiffs' counsel, it was unclear what defendants meant by "here." Further, as evidenced by their attempts to meet, plaintiffs would have been glad to meet with defendants for a settlement conference

*Reply/Motion to Amend Scheduling Order*
*Hackley v. LVL X, Inc. et al.*
*Page 2*

before the discovery deadline, had defendants responded to any of their requests. However, plaintiffs could not be available in less than two days notice, proposed two days before the deadline. In addition, by June 25, 2003, there were at least four depositions that had not been taken, and it appeared that a Request to Amend the Scheduling Order was necessary for all parties.

Plaintiffs, on multiple occasions and in good faith, requested that defendants provide a date for a settlement conference. In compliance with the Scheduling Order and in a good faith effort to settle this matter, plaintiffs made a settlement offer to defendants on May 9, 2003. Indeed, as evidence of plaintiffs' willingness to settle, plaintiffs have negotiated settlements with defendants Commercial Finish Group, Inc. and John Trouton.

Plaintiffs have the utmost respect for this Court and in good faith filed their unilateral Motion to Amend the Scheduling Order only after defendants asserted that they would only agree to request that the Scheduling Order be amended if it was amended for depositions only. Contrary to defendants' bald assertions, plaintiffs made a good faith effort to hold a settlement conference prior to the discovery deadline.

\*   \*   \*   \*   \*   \*   \*

## CONCLUSION

For the reasons set forth above and in plaintiffs' Motion to Amend the Scheduling Order, Plaintiff's Motion to Amend should be granted.

*Reply/Motion to Amend Scheduling Order*
*Hackley v. LVL X, Inc. et al.*
*Page 3*

Respectfully submitted,

Dated: _____, 2003

_____/s/_____
Royal W. Craig (Bar No. 24,546)
Deborah J. Westervelt (Bar No. 26,282)
Attorneys for Plaintiffs
Law Offices of Royal W. Craig
10 North Calvert Street, Suite 153
Baltimore, Maryland 21202
(410) 385-2383

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that true and correct copy of the foregoing was furnished electronically this 27th day of July, 2003, to the following addressees:

Christopher Johns, Esq.
P.O. Box 975
Laurel, Maryland 20707

Terrence Lee McShane
Lee & McShane, P.C.
1211 Connecticut Avenue N.W.
Suite 425
Washington, D.C. 20036

                                      _____/s/_____
                                      Deborah J. Westervelt
                                      The Law Offices of Royal Craig
                                      10 North Calvert Street
                                      Suite 153
                                      Baltimore, Maryland 21202
                                      410-385-2383
                                      410-385-2385 (facsimile)

*Reply/Motion to Amend Scheduling Order*
*Hackley v. LVL X, Inc. et al.*
*Page 5*