IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL HACKLEY ARCHITECTS, P.C.,
MICHAEL HACKLEY                              *

      Plaintiffs                                    *

v.                                          *    CIVIL ACTION JFM 02 CV 3363

LVLX, INC, JOHN LEE, COMMERCIAL              *
FINISH GROUP, INC., JEFFREY WAY,
and JOHN TROUTON,                            *

      Defendants                                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PLAINTIFF MICHAEL HACKLEY'S' SUPPLEMENTAL RESPONSE TO DEFENDANT LVL X, INC.'S FIRST SET OF INTERROGATORIES

Plaintiff Michael Hackley provides the following supplemental response to Defendant LVL X, Inc.'s First Set of Interrogatories Directed to Plaintiff.

This response is complete and correct, as far as Plaintiff is aware, according to information available to Plaintiff at the present time. Plaintiff reserves the right to amend or supplement his response as more information is obtained during the course of discovery.

Plaintiff reserves the right to object to future discovery on the same or related matters and do not waive any objections or assertions of privilege by providing the information in their responses. Plaintiffs also reserve the right to object to the admissibility of documents being produced in whole or in part, at the hearing in this investigation, on any grounds, including but not limited to materiality, relevance and privilege, and will not supplement these responses except to the extent required by the Federal Rules of Civil Procedure, or by order of the court, or upon



agreement of counsel.

Plaintiff Michael Hackley incorporates by reference his Preliminary Statement to Defendant LVL X, Inc.'s First Set of Interrogatories.

## SUPPLEMENTARY RESPONSE

***Interrogatory No. 10***: *If you contend that you, Michael Hackley, and/or a person through you or Michael Hackley, purchased, or caused to be purchased, materials and supplies for any LVL X Store and a chandelier for LVL X's Tyson Corner store, then: describe in detail each item and describe said chandelier; state the date, place, and price that you paid for each such item and said chandelier; state the amount that you billed LVL X for each item and chandelier and the amount that LVL X paid for each item and chandelier; and why you and/or Michael Hackley withheld the chandelier from LVL X. Also, identify each person with whom you and Michael Hackley have a checking and credit card account (include the account numbers).*

## SUPPLEMENTARY RESPONSE TO INTERROGATORY NO. 10

Plaintiff objects to Interrogatory No. 10 on the ground that it is oppressive and unduly burdensome, is compound and complex, and is vague and ambiguous. This interrogatory is further objected to on the ground that it is irrelevant to any issue involved with this proceeding and is not likely to lead to any admissible evidence. Without waiving these objections, Plaintiff states as follows: Michael Hackley Architects, P.C. purchased a chandelier for the Tyson's Corner LVL X store at the request of LVL X. The chandelier was purchased on April 16, 2002 for the amount of $1,607.42. LVL X paid $1,928.96 for the chandelier. At the time of the purchase of the chandelier, LVL X owed Michael Hackley Architects, P.C. roughly $25,000 for services rendered. On or about June 2002, Michael Hackley Architects, P.C. informed John Lee that if he (John Lee) would come to Michael Hackley Architects, P.C. to discuss the monies owed, they could also discuss turning over the chandelier. Michael Hackley Architects, P.C. never agreed to ship the oversized chandelier to LVL X. John Lee did not contact Michael Hackley Architects, P.C. regarding the monies owed and no further discussions were held between Michael Hackley Architects, P.C. and John Lee or any other LVL X representative regarding the chandelier. Indeed,

the first reference to the chandelier by LVL X since the original discussion in June 2002 was in defendants' Answer to plaintiff's complaint and this interrogatory. Michael Hackley Architects, P.C. has not withheld the chandelier from LVL X. As there were no further demands for the chandelier by LVL X, indeed there were no further references to the chandelier by LVL X, Michael Hackley Architects, P.C. assumed that the chandelier had been abandoned by LVL X. The chandelier is and has been available for pick up by LVL X during regular business hours upon appointment.

*INTERROGATORY NO. 13*

*Relative to the PGP drawings, describe in detail the process relative to you and/ or PC filing a copyright application and identify each person and document that you and/or PC relied on to file the copyright application, and thereafter, to make your and/or PC's decision to amend, supplement, or withdraw it, or not to amend, supplement, or withdraw it.*

SUPPLEMENTARY RESPONSE TO INTERROGATORY NO. 13

On July 23, 2002 (prior to retaining the undersigned counsel), Michael Hackley filed an application for copyright for the architectural work of the Prince George's Plaza LVL X store. Mr. Hackley filed this application on his own with no advice from counsel. On December 9, 2002, Joy Mansfield, Examiner from the Copyright Office sent Mr. Hackley a letter with the following issues:

1) The application was filed for "architectural works" and the Examiner initially rejected the type of work as "architectural work" and requested a change to "technical drawings".
2) Copyright claimant missing in block 4.
3) The Examiner requested verification of "Work for Hire" box.

Michael Hackley based his decision to amend the application on the foregoing. Michael Hackley forwarded this letter to counsel. (Letter produced herewith; Bates Nos. P00400-P00404). On December 17, 2002, in a telephone conversation with the undersigned counsel, the Examiner agreed to register the copyright for the architectural works, and added "Robert Michael Hackley"