IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MICHAEL HACKLEY ARCHITECTS,** <br> **P.C. AND MICHAEL HACKLEY,** <br><br> Plaintiffs, <br><br> V. <br><br> **LVLX, INC., JOHN LEE,** <br> **COMMERCIAL FINISH GROUP,** <br> **INC., JEFFREY WAY, AND** <br> **JOHN TROUTON,** <br><br> Defendants. | * <br><br> * <br><br> * <br><br> *    **CASE NO: JFM 02 CV 3363** <br><br> * <br><br> * <br><br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFFS MICHAEL HACKLEY AND MICHAEL HACKLEY ARCHITECTS, P.C.'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs, Michael Hackley and Michael Hackley Architects, P.C., submit this Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment. This Court is requested to consider this Reply as defendants have made new allegations and issues.

Defendants request that this Court deny Plaintiffs' Motion for Summary Judgment, and in support of this request, defendants provide a *"Memorandum in Support of Defendants' Cross Motion for Summary Judgment and Opposition to Plaintiffs' Summary Judgment Motion."* Plaintiffs' Motion for Summary Judgment is on Count II only – False Designation of Origin under Section 43(a) of the Lanham Act. Yet, Defendants' Memorandum disingenuously combines the arguments of the Lanham Act violation (Count II) and Copyright infringement (Count I) in an attempt to cloud the issues of the Lanham Act Violation. Plaintiffs have made an attempt to cull out defendants' arguments in opposition

to plaintiffs' motion for summary judgment on the Lanham Act violation count and this Reply addresses such arguments that raise new issues. As explained below, defendants' allegations are misguided, and granting plaintiffs' Motion will support judicial economy.

## ARGUMENT

**Undisputed Facts.**

The elements of a violation of Section 43(a) of the Lanham Act requires are only two: 1) that the false designation has a substantial economic effect on interstate commerce; and (2) the false designation must create a likelihood of confusion. <u>Johnson v. Jones et al.</u>, 149 F.3d 494 (6th Cir. 1998).

As in <u>Johnson</u>, Michael Hackley is a licensed architect in six jurisdictions and his drawings with Jeffrey Way's signature and seal were presented to Prince George's County Department of Environmental Resources; such action constitutes a false designation of origin.  Thus, Jeffrey Way's seal and stamp on Michael Hackley's drawings "hinders [Michael Hackley's] ability to conduct his interstate architecture business."  <u>Johnson</u> at 501.  Defendants have not, because they cannot, refute that Michael Hackley is a licensed architect is five states and the District of Columbia.

Regarding the second element of Section 43(a), by redacting Michael Hackley's name and placing his own name and seal on the drawings, Jeffrey Way intended for people to assume the drawings were his and not Michael Hackley's.  With Jeffrey Way's signature and seal affixed to the drawings, anyone that looked at the drawings would believe that they were Jeffrey Way's.  As the court in <u>Johnson</u> stated, "this Court is hard-pressed to imagine what effect these actions could possibly have other than to convince anyone who looked at the plans that they were Tosch's [Way's] work.  Few are the cases demonstrating a more obvious and imminent likelihood of confusion."   Jeffrey Way has admitted to

signing and sealing the Hackley drawings under the direction of LVL X, Inc. and John Lee. These drawings were submitted to Prince George's County for permit. These facts are undisputed. These acts clearly create a likelihood of confusion.

**Md. Bus. Occ. & Prof. §3-501.**

Defendants correctly cite Md. Bus. Occ. & Prof §3-501 as the appropriate Maryland Statute for governing the signing and sealing of architectural drawings. However, the defendants neglected to mention that the Code of Maryland Regulations (COMAR) sets forth the requirements under which a "licensee may sign or seal plans, specifications, drawings, reports, or other documents that are required to be signed and sealed pursuant to Business Occupations and Professional Article §3-501." COMAR 09.21.01.07. The regulations require that the licensee is competent on the subject matter, and that the licensee either personally prepared the documents, or approved the documents. COMAR 09.21.01.07(A). COMAR further defines "approval", for purposes of the aforementioned regulation, as "direct knowledge and responsible control over the content of technical submissions during their preparation"; _and_ "substantive review and authority to make revisions with regard to the preparation of submissions described in the regulations." COMAR 09.21.01.07(B). A regulation must be construed to ascertain and carry out the intent of the promulgating agency. Montgomery County v. Buckman, 333 Md. 516 at 523 (1994).

Plaintiffs do not refute the plain language of the statute. Nor do plaintiffs refute that defendant Jeffrey Way is competent in the subject matter as required by COMAR 09.21.01.07(A)(1). Plaintiffs do strongly refute, however, that defendant Jeffrey Way was a licensee and that he _approved_ the documents as required by COMAR 09.21.01.07(A)(2) and COMAR 09.21.01.07(B). Both "direct knowledge and

*Reply/Motion for Summary Judgment*
*Hackley v. LVL X, Inc. et al.*
*Page 3*

responsible control", and "substantive review and authority to make revisions" are required. Id. Defendants had neither. Defendants do not, because they cannot, argue that Jeffrey Way *approved* the drawings as required by Maryland law.

Indeed, by defendants' own admission (Defendants' Memo, page 19), the Maryland Board of Architects agrees with plaintiffs. In a Consent Order issued by the Maryland Board of Architects, the Board ordered that Jeffrey Way violated Business Occupations and Business Article §3-501(a) and Code of Maryland Regulations 09.21.01.07A and B and 09.21.01.07-1 and ordered a total fine of $2,500.00 to be paid to the Board. [See Exhibit A]   In support of its Order, the Board enumerated stipulated facts, which include: "6) The Respondent had placed his professional signature and seal on Mr. Hackley's drawings, which were used to obtain a building permit; and 7) The Respondent did not contact Mr. Hackley about these drawings or to ask for his authority or consent to place the Respondent's signature and professional seal on Mr. Hackley's drawings."   By stipulating to these facts, Mr. Way admits these actions, which the Maryland Board of Architects have deemed in violation of the aforementioned regulations.

Defendants cite State Board of Architects v. Clark, 114 Md.App. 247 (1997) in support of their argument that defendant Jeffrey Way "signed and sealed the Hackley drawings to comply with Maryland Code which required him to do exactly what he did." [See Defendants' Memorandum, page 16.] However, the facts in Clark are clearly inapposite to the present case. Clark was an architect who signed and sealed drawings created by a non-architect. The Board found that Clark (1) aided and abetted an unauthorized person to practice architecture in violation of Bus. Occ. & Prof. §3-311(a)(vi); and (2) signed and sealed drawings for which he did not have direct professional knowledge and direct supervisory control in violation of COMAR 09.21.05E(1). The Maryland Court of Special Appeals

affirmed the lower court's reversal of the Board's decision. In Clark, however, the violations involved ethical violations, i.e., section 05 of COMAR is Rules of Conduct, subsection E is Professional Conduct; Bus. Occ. & Prof. §3-311(a)(iv) is a provision of the Code of Ethics adopted by the Board, and Bus. Occ. & Prof. §3-311(a)(vi) prohibits aiding and abetting an unauthorized person to practice architecture, which is also an ethical violation. Jeffrey Way violated different provisions entirely. A key fact present in Clark and missing in the present case is that Clark was asked by the original drafter to approve the drawings because they were not drafted by an architect. In the present case, Hackley, a licensed architect, created the drawings and Jeffrey Way signed and sealed those drawings without plaintiffs' permission.

**Likelihood of Confusion vs. Actual Confusion**

Defendants put much emphasis on deposition testimony of Prince George's County employees that, when asked if they were confused, answered no. The law clearly requires a "likelihood of confusion" and not actual confusion. While evidence of actual confusion may assist in showing a likelihood of confusion, the absence of actual confusion does not preclude actual confusion. [Pizzeria Uno Corporation v. Temple, 747 F.2d 1522 (4th Cir. 1984); Sara Lee Corporation v. Kayser-Roth Corporation, 81 F.3d 455 (4th Cir. 1996)] The crossing out of Michael Hackley's name and address on the first page and all subsequent pages of the drawings, and the addition of the signature and seal of Jeffrey Way clearly create a likelihood that someone viewing the drawings is likely to be confused as to the ownership of said drawings. Indeed, the Prince George's County Department of Environmental Resources questioned the drawings and refused to grant a permit [Defendants' Memorandum, page 18], so it follows that there must have been some likelihood of confusion.

*Reply/Motion for Summary Judgment*
*Hackley v. LVL X, Inc. et al.*
*Page 5*

**Intent to Deceive is Not an Element of Section 43(a)**

Defendants argue that "…if it was defendants' intent to claim ownership of the plans, they would have completely and thoroughly removed Hackley's title blocks from the plans. Perhaps, …, CFG put a line through Hackley's name because he was no longer the architect of record. The reason is entirely different than intending to claim authorship." [See Defendants' Motion, page 20.] It is well settled that intent to deceive is not an element of a violation of Section 43(a). A defendant may be liable for trademark infringement under § 43(a) even if he or she innocently used an infringing mark and lacked any intent to confuse consumers as to the source of the goods. *See* Parkway Baking Co. v. Freihofer Baking Co., 255 F.2d 641, 648 (3d Cir.1958) ("The fact that the [infringing mark] appeared on [defendant's product] because of a mistake is not a defense to an action under this section for there is no requirement that the falsification occur willfully and with intent to deceive."); *see also* Johnson & Johnson v. Carter-Wallace, Inc., 631 F.2d 186, 189 (2d Cir.1980) (noting that § 43(a) "does not require proof of intent to deceive"). Thus, defendants' foregoing argument is moot.

**Redaction of Michael Hackley's Name**

Defendants disingenuously argue that "nothing in the record indicates that defendants LVL X, John Lee, nor Jeffrey Way, put lines through nor redacted his name from the PGP drawings." Jeffrey Way's actions were as directed by LVL X, Inc. and John Lee, and the presentation of the drawings, with Jeffrey Way's signature and seal, to Prince George's County for permit was as directed by LVL X, Inc.

and John Lee, regardless of what individual actually redacted (crossed out) Michael Hackley's name and address on all pages of the drawings.

**Permit Office Rejection Has No Bearing on Defendants' Intent**

Defendants argue that "the permit office refused to issue a permit on the plans that Jeffrey Way reviewed." [See Defendants' Motion, page 18.] Notwithstanding the refusal by the permit office, LVL X, Inc., John Lee and Jeffrey Way intended to obtain a permit from those drawings. But for the permit office's refusal to issue a permit, such permit would have been issued with Jeffrey Way identified as the architect of record.

**Defendants' Misuse of Shaver Case**

Defendants contrast Johnson to I.A.E., Inc. v. Shaver, 74 F.3d 768 (7th Cir. 1996). [See Defendants' Memorandum, Page 18.] Yet defendants' reliance on Shaver is misplaced. Shaver is a copyright infringement action, not a Lanham Act violation. The elements of copyright infringement are clearly different from those of a violation of Section 43(a) of the Lanham Act and the subject Motion for Summary Judgment was filed on the Lanham Act count only. While defendants' Shaver arguments may be appropriate in a Summary Judgment Motion on the copyright infringement count, they have no place in a Motion for Summary Judgment for False Designation of Origin.

*     *     *     *     *     *     *

*Reply/Motion for Summary Judgment*
*Hackley v. LVL X, Inc. et al.*
*Page 7*

## CONCLUSION

For the reasons set forth above and in plaintiffs' Motion for Summary Judgment, Plaintiff's Motion for Summary Judgment on Count II should be granted.

Respectfully submitted,

Dated: August 12, 2003

_____/s/_____
Royal W. Craig (Bar No. 24,546)
Deborah J. Westervelt (Bar No. 26,282)
Attorneys for Plaintiffs
Law Offices of Royal W. Craig
10 North Calvert Street, Suite 153
Baltimore, Maryland 21202
(410) 385-2383

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that true and correct copy of the foregoing was furnished electronically this 12th day of August, 2003, to the following addressees:

Christopher Johns, Esq.
P.O. Box 975
Laurel, Maryland 20707

Terrence Lee McShane
Lee & McShane, P.C.
1211 Connecticut Avenue N.W.
Suite 425
Washington, D.C. 20036

                                                     _____/s/_____
                                                     Deborah J. Westervelt
                                                     The Law Offices of Royal Craig
                                                     10 North Calvert Street
                                                     Suite 153
                                                     Baltimore, Maryland 21202
                                                     410-385-2383
                                                     410-385-2385 (facsimile)

*Reply/Motion for Summary Judgment*
*Hackley v. LVL X, Inc. et al.*
*Page 9*