**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MICHAEL HACKLEY, et al.**<br>**Plaintiff** | : | |
| | : | |
| **vs.** | : | **JFM 02 CV 3363** |
| | : | |
| **LVL X, INC., et al.**<br>**Defendants** | : | |

**DEFENDANTS LVL X, INC., JOHN LEE, AND JEFFREY WAY'S RULE 26(a)(2) DISCLOSURES OF EXPERTS**

Defendants LVL X, Inc., John Lee, and Jeffrey Way, through undersigned counsel, hereby submits their Rule 26(a)(2) disclosures relative experts, stating that:

1. *Michael Heiserman: Architect.*

A. Statement of opinions.

See, summary statement attached hereto. Mr. Heiserman reserves the right to conduct further study, to add to, modify, or supplement his opinions as this case develops.

B. Data or other information considered by the witness.

Documents produced in discovery including, but not limited to, various PGP plans; previous plans relative to LVL X stores; previous proposals for architectural services between Hackley and LVL X; retainers between Hackley and LVL X;, document relative to LVL X paying Hackley $2,500 retainer for PGP store; 05-20-2002 statement marked up by LVL X; LVL X's $10,000 check number 2817 to Hackley; Hackley's 06-07-2002 letter to LVL X; the existence of letters of Hackley's alleged allocation of the $10,000 check number 2817; John Chalk's affidavit, paragraph 13; the existence of Hackley's check to John Chalk relative to the making of the PGP plans; Hackley's 04-16-2002 invoice for the Tyson's Corner store chandelier; Hackley's 04-25-2002 office memo; LVL X's payment of $1,215 to Hackley for

the PGP permitting fee; Ron Reece's daily construction report; Hackley's 06-21-2002 letter to void permit; Hackley's 07-01-2002 letter relative to revisions; Hackley's invoice for Paramus Park; Paramus Park lease signing date; Hackley's 07-08-02 letter; Hackley's 07-08-02 letter; Hackley's intent to file lien notices for P00142 and 143, space 1566 (P00144), space H9LB (P00145), and space 1497 (P00146), section 3-501; and, other documents related to this case.

C. Any exhibits to be used as a summary of or in support for the opinions.

None at this time.

D. The qualifications of the witness (including publications).

See, C.V.

E. The compensation to be paid for the study and testimony.

$150.00 per hour.

F. List of other cases.

See, C.V.

2. Dhiren Ghosh: Statistician.

A. Statement of opinions.

The open questions that were used in the survey to determine why people first entered into the new LVL X store in PGP, to determine why they had entered the store on other occasions, and to determine why the purchased merchandise once in the store are a legitimate and non-bias way of understanding what caused or motivated people. My preliminary examination of the data collected at the new LVL X store at PGP is that the store's gross sales or net income are not attributable to the store front (excluding the window) or the cash wrap. Mr. Ghosh has agreed to this statement, but because of time constraints has not seen it in its

final form and therefore reserves the right to modify it. Mr. Gosh also reserves the right to conduct further study, to add to, modify, or supplement his opinions as this case develops.

B. Data or other information considered by the witness.

Survey.

C. Any exhibits to be used as a summary of or support for the opinions.

Statistical report.

D. The qualifications of the witness (including publications).

See, C.V.

E. The compensation to be paid for the study and testimony.

$80.00 per hour.

F. List of other cases.

See, C.V.

*3. Dale Brown: Market Researcher.*

A. Statement of opinions.

The open questions that were used in the survey to determine why people first entered into the new LVL X store in PGP, to determine why they had entered the store on other occasions, and to determine why the purchased merchandise once in the store are a legitimate and non-bias way of understanding what caused or motivated people. Mr. Brown has agreed to this statement, but because of time constraints has not seen it in its final form and therefore reserves the right to modify it. Mr. Brown also hereby reserves the right to conduct further study, to add this opinion, supplement it, and/or modify it as evidence in this case develops.

B. Data or other information considered by the witness.

Survey and to be prepared final statistical report.

C. Any exhibits to be used as a summary of or support for the opinions.

None at this time.

D. The qualifications of the witness (including publications).

See, C.V.

E. The compensation to be paid for the study and testimony.

$150.00 per hour.

F. List of other cases.

See, C.V.

4. LVL X's bookkeeper and CPA are in the process of computing net income for PGP and this disclosure will be supplemented with their report as to net income. A C.V. for each will be supplemented. Their opinion is that net income is substantially less than gross sales. Their final opinion as to net income will be based on transactional data for the PGP store and losses caused by Hackley in delaying the store opening and other damages. Each charge at an hourly rate (will be supplemented).

Respectfully submitted,

Christopher M. Johns, Esq.
Christopher M. Johns LLC
P.O. Box 975
Laurel, MD 20707
Telephone: 301-674-6900
Facsimile: 301-540-5901
Bar No.: 15677

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 06-06-03, I caused a copy of the foregoing paper to be mailed to: Deborah Westervelt, 10 North Calvert Street, Suite 153, Baltimore, MD 21202 and Terrence McShane, 1211 Connecticut Avenue, N.W., Suite 425, Washington, D.C. 20036.

Christopher M. Johns

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MICHAEL HACKLEY, et al.** | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **JFM 02 CV 3363** |
| | : | |
| **LVL X, INC., et al.** | : | |
| **Defendants** | : | |

**DEFENDANTS LVL X, INC., JOHN LEE, AND JEFFREY WAY'S SUPPLEMENT TO THEIR RULE 26(a)(2) DISCLOSURES OF EXPERTS**

Defendants LVL X, Inc., John Lee, and Jeffrey Way, through undersigned counsel, hereby submits their Rule 26(a)(2) disclosures relative experts, stating that:

*1. Michael Heiserman: Architect.*

A. Statement of opinions.

See, summary statement attached hereto. Mr. Heiserman reserves the right to conduct further study, to add to, modify, or supplement his opinions as this case develops.

B. Data or other information considered by the witness.

Documents produced in discovery including, but not limited to, various PGP plans; previous plans relative to LVL X stores; previous proposals for architectural services between Hackley and LVL X; retainers between Hackley and LVL X;, document relative to LVL X paying Hackley $2,500 retainer for PGP store; 05-20-2002 statement marked up by LVL X; LVL X's $10,000 check number 2817 to Hackley; Hackley's 06-07-2002 letter to LVL X; the existence of letters of Hackley's alleged allocation of the $10,000 check number 2817; John Chalk's affidavit, paragraph 13; the existence of Hackley's check to John Chalk relative to the making of the PGP plans; Hackley's 04-16-2002 invoice for the Tyson's Corner store chandelier; Hackley's 04-25-2002 office memo; LVL X's payment of $1,215 to Hackley for

the PGP permitting fee; Ron Reece's daily construction report; Hackley's 06-21-2002 letter to void permit; Hackley's 07-01-2002 letter relative to revisions; Hackley's invoice for Paramus Park; Paramus Park lease signing date; Hackley's 07-08-02 letter; Hackley's 07-08-02 letter; Hackley's intent to file lien notices for P00142 and 143, space 1566 (P00144), space H9LB (P00145), and space 1497 (P00146), section 3-501; and, other documents related to this case.

C. Any exhibits to be used as a summary of or in support for the opinions.

None at this time.

D. The qualifications of the witness (including publications).

See, C.V.

E. The compensation to be paid for the study and testimony.

$150.00 per hour.

F. List of other cases.

See, C.V.

2. Dhiren Ghosh: Statistician.

A. Statement of opinions.

The open questions that were used in the survey to determine why people first entered into the new LVL X store in PGP, to determine why they had entered the store on other occasions, and to determine why the purchased merchandise once in the store are a legitimate and non-bias way of understanding what caused or motivated people. My preliminary examination of the data collected at the new LVL X store at PGP is that the store's gross sales or net income are not attributable to the store front (excluding the window) or the cash wrap. Mr. Ghosh has agreed to this statement, but because of time constraints has not seen it in its

final form and therefore reserves the right to modify it. Mr. Gosh also reserves the right to conduct further study, to add to, modify, or supplement his opinions as this case develops.

B. Data or other information considered by the witness.

Survey.

C. Any exhibits to be used as a summary of or support for the opinions.

Statistical report.

D. The qualifications of the witness (including publications).

See, C.V.

E. The compensation to be paid for the study and testimony.

$80.00 per hour.

F. List of other cases.

See, C.V.

3. *Dale Brown: Market Researcher.*

A. Statement of opinions.

The open questions that were used in the survey to determine why people first entered into the new LVL X store in PGP, to determine why they had entered the store on other occasions, and to determine why the purchased merchandise once in the store are a legitimate and non-bias way of understanding what caused or motivated people. Mr. Brown has agreed to this statement, but because of time constraints has not seen it in its final form and therefore reserves the right to modify it. Mr. Brown also hereby reserves the right to conduct further study, to add this opinion, supplement it, and/or modify it as evidence in this case develops.

B. Data or other information considered by the witness.

Survey and to be prepared final statistical report.

C. Any exhibits to be used as a summary of or support for the opinions.

None at this time.

D. The qualifications of the witness (including publications).

See, C.V.

E. The compensation to be paid for the study and testimony.

$150.00 per hour.

F. List of other cases.

See, C.V.

4. LVL X's bookkeeper and CPA, Hwan Jin Lee, are in the process of computing net income for PGP and this disclosure will be supplemented with their report as to net income. A C.V. for each will be supplemented. Their opinion is that net income is substantially less than gross sales. Their final opinion as to net income will be based on transactional data for the PGP store and losses caused by Hackley in delaying the store opening and other damages. Each charge at an hourly rate (will be supplemented).

Respectfully submitted,

Christopher M. Johns, Esq.
Christopher M. Johns LLC
P.O. Box 975
Laurel, MD 20707
Telephone: 301-674-6900
Facsimile: 301-540-5901
Bar No.: 15677

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 06-09-03, I caused a copy of the foregoing paper to be mailed to: Deborah Westervelt, 10 North Calvert Street, ~~Suite~~ 153, Baltimore, MD 21202 and Terrence McShane, 1211 Connecticut Avenue, N.W., Suite 425, Washington, D.C. 20036.

Christopher M. Johns