Christopher M. Johns, Esq.
P.O. Box 975, Laurel, MD 20707
Telephone: 410-984-3000
Facsimile: 301-540-5901

June 26, 2003

The Honorable Judge J. Frederick Motz
United States District Court
101 West Lombard Street
Baltimore, MD 21201

Re:   *Civil Case* Hackley, et al. vs. LVL X, Inc., et al.
      Plaintiffs' Motion to Amend the Scheduling Order
      Plaintiffs' Motion to Quash Richard Zambito's Deposition
      Plaintiffs' Motion to Compel

Dear The Honorable Judge J. Frederick Motz:

On 06-25-2003, the plaintiffs apparently filed the aforesaid motions. Defendants LVL X, Inc., John Lee and Jeffrey Way respectfully request an opportunity to submit their full oppositions to each of these motions.

Plaintiff Michael Hackley *improperly* asserted his *Fifth Amendment Privilege* at his deposition. Because he did so, and because he improperly did so, instead of discovery being extended, defendants oppose contending, among other reasons, that discovery sanctions, not an extension, are in order.

It is absurd that while Mr. Hackley refused to testify about matters specifically relating to Mr. Ron Reece (by *improperly* asserting the Fifth Amendment), Mr. Hackley now seeks an extension to depose Mr. Reece. Also, no adequate reason is given why plaintiffs did not depose defendants Commercial Finish Group and John Trouton before the discovery cut-off.

Notably absent from plaintiffs' motion to extend is that they served a late documents request clearly geared to expand litigation. This is the real reason behind their motions. Their motivation is evidenced by the fact that plaintiffs declined an offer to extend discovery for taking depositions, but then curiously motions to extend discovery ostensibly for the same reason.

It is also bad faith for plaintiffs to complain about the timing of Mr. Zambito's deposition while refusing to agree to extend for depositions forcing defense counsel to depose him before the cut off date. Defense counsel set his deposition with a real regard for plaintiffs counsel's schedule.

When specifically asked in good faith about her availability, plaintiffs' counsel could not give any real reason, or where else she had to be, as to why she could not attend Mr. Zambito's deposition, nor does plaintiffs' counsel provide any reason in her motions. A lack of any real reason is amplified by the fact that plaintiff can only conveniently offer a

new reason: she did not have time to prepare for the (5 minute) deposition. Although plaintiffs' counsel was notified in advance about the deposition, Mr. Zambito's formal notice wasn't prepared pending an agreement to extend. Plaintiffs delayed Mr. Zambito's notice pending their agreement to extend and now complains about the timing of it while motioning to extend.

Mr. Zambito's deposition became necessary only after it was apparent that Mr. Hackley perjured himself at his 06-16-2003 deposition about filing a false copyright application. Mr. Hackley alleges that defendants infringed, among other things, by copying his design of the store's cash-wrap table. However, as defendants' opposition will show, major design elements of it are identical to a conference table in his office that was designed by a famous architect. Mr. Hackley even denied having this specific table. Mr. Zambito testified that Hackley did have the table when he left his office.

Regarding experts, plaintiffs' counsel said that she only wanted to depose defendants' expert architect who did timely submit a summary with adequate time to depose. Plaintiffs did timely depose defendant Jeffrey Way. Plaintiffs rescinded their agreement to comply with the existing scheduling order to meet on 06-27-2003 to discuss a possible settlement, stating that they don't now what "here" meant when the agreement was made at the LAD reporting office conveniently located in plaintiffs counsel's office building, Suite 141. Counsel has not yet seen plaintiffs' compel motion that was apparently mailed yesterday. Defendants respectfully request that they be given the opportunity to fully respond to each of the above motions.

Respectfully submitted, /s/
Christopher M. Johns, Esq.