Christopher M. Johns, Esq.
Christopher M. Johns LLC
P.O. Box 975, Laurel, MD 20707
Facsimile: 301-5410-5901
cmj@comcast.net
410-984-3000

September 11, 2003

The Honorable J. Frederick Motz
United States District Court
101 West Lombard Street
Baltimore, MD 21201

Re:   *Civil Case* Hackley, et al. vs. LVL X, Inc., et al. JFM-02-3363
      Scheduled 09-11-2003 settlement conference

Dear Judge Motz:

At the 09-05-2003 motions hearing, you instructed the parties to discuss settlement and then hold a conference call with your honor today. On 09-08-2003, Ms. Westervelt and I agreed that to facilitate our conference that we would write to each other concerning three questions: (1) the likelihood of success of plaintiffs on their Lanham Act claim; (2) damages, if any, that the plaintiffs sustained if successful on their Lanham Act claim; and, (3) offsets, if any, against any damages sustained. We agreed to fax each other a letter before discussing this matter the following day. The letters that were faxed to each other are sent with this letter. *See, attached.*

The next day, 09-10-2003, Ms. Westervelt would not get on the phone despite telling defense counsel that her schedule was open that entire day to hold a conference call between myself and her. Her associate got on the phone. He was not at the hearing and snidely accused defense counsel making up various things in his letter. Plaintiffs personal attacks do not help facilitate any settlement. Defense counsel does not understand why plaintiffs counsel are upset with defense counsel over the realities of Mr. Hackley's prior conduct toward LVL X. Defense counsel is merely reporting to them, with evidence, as to what happened. Because of Mr. Hackley's misconduct toward it, LVL X, in actual reality, sustained real damage. LVL X had to pay a new architect $14,000.00. Defense counsel did not make this up. This amount represents actual money that left LVL X's bank account. And, this offset was specifically discussed at the hearing Ms. Westervelt attended. Because of Hackley, LVL X had to also pay for a permit all over again after LVL X had already paid Hackley for one. These and other offsets are not

intended to upset anyone, but are very real, and would be unfair to ignore. Further, the law clearly provides that damages are offset by settlements with other co-defendants. *Screen Gems-Columbia Music, Inc. v. Metlis & Lebow Corp.*, 453 F.2d 552 (1972). Plaintiffs are not willing to discuss this also.

Each time defense counsel repeated his request to discuss how Hackley was actually damaged under the Lanham Act and these other issues, Ms. Westerville's associate would not entertain any discussion on it.

Defense counsel respectfully requests a postponement of a settlement conference until Ms. Westervelt is willing to rationally discuss settlement.

Respectfully submitted, /s/
Christopher M. Johns, Esq.

cc: Faxed to plaintiffs' counsel.

Christopher M. Johns, Esq.
Christopher M. Johns LLC
P.O. Box 975, Laurel, MD 20707
cmj@comcast.net
Facsimile: 301-540-5901
410-984-3000

September 8, 2003

Faxed to 410-385-2385 on the above date.

Deborah J. Westervelt, Esq.
10 North Calvert Street
Suite 153
Baltimore, MD 21202

Re:   Court Ordered Settlement Conference

Dear Deborah J. Westervelt:

Per our discussion, in order for us to rationally discuss settlement of plaintiffs' Count II, Lanham Act claim, we would write each other addressing each of our opinions on three (3) questions: (1) the likelihood of success of plaintiffs' Lanham Act claim; (2) damages, if any, if plaintiffs are successful on their Lanham Act claim; and, (3) setoffs, if any, against any damages. We agreed to provide each other with a letter by tomorrow and to discuss them on Wednesday, at 10:30 a.m., and if not at that time, then sometime during that day.

Sincerely,

Christopher M. Johns, Esq.

LAW OFFICES OF

# ROYAL W. CRAIG

A PROFESSIONAL CORPORATION

10 NORTH CALVERT STREET
SUITE 153
BALTIMORE, MARYLAND 21202
TEL 410. 385. 2383
FAX 410. 385. 2385
WEBSITE: www. patent- law. org

HUNT VALLEY OFFICE:
TEL/ FAX 410. 785. 1816

September 9, 2003

**FOR SETTLEMENT PURPOSES ONLY**
**ALL RIGHTS RESERVED**
**Submitted Pursuant to Fed. R. Evid. 408**

VIA FACSIMILE:
301-540-5901
**CONFIRM BY USMAIL**

Christopher Johns, Esq.
P.O. Box 975
Laurel, Maryland 20707

LAW
BUSINESS
TECHNOLOGY

Re:   Hackley et al. v. LVLX et al.; Case No: JFM02CV3363

Dear Mr. Johns:

My client and I have discussed proposed settlement terms for Count II of plaintiffs' complaint against your clients, LVL X, John Lee and Jeffrey Way. As you know from the pleadings, our position in this count is that your clients are liable for false designation of origin under the Lanham Act. The elements are very clearly different from the Copyright infringement count. We maintain that we have a strong position if this count were to proceed to trial. However, in the interest of following the Court's guidance and resolving this matter, we offer the following settlement terms:

- Damages of $15,000 plus interest of $3,000, set off by $2,000[1], equal damages of $16,000
- Mutual releases from both parties

We believe that this is a fair and equitable offer, and we are hopeful that you agree.

---

[1] The $2000 set-off is for the chandelier although plaintiff maintains that by returning the chandelier, this amount is not a proper offset.

INTELLECTUAL PROPERTY LAW INCLUDING PATENT, TRADEMARK, COPYRIGHT, TRADE SECRET, TECHNOLOGY TRANSFER, BUSINESS DEVELOPMENT, AND CORPORATE MATTERS

*Johns, Christopher*
*Hackley v. LVL X*          Page -2-
*September 9, 2003*

    This letter is an offer of compromise pursuant to Fed. R. Evid. 408. As such, it is inadmissable should settlement negotiations reach an impasse. Further, this letter is not meant to be a complete statement of our facts and issues in dispute. Michael Hackley and Michael Hackley Architects, P.C. reserve all rights.

Sincerely,

Deborah J. Westervelt

Christopher M. Johns, Esq.
Christopher M. Johns LLC
P.O. Box 975, Laurel, MD 20707
Facsimile: 301-540-5901
cmj@comcast.com
301-674-6900

September 10, 2003

Faxed to 410-385-2385 on the above date.

Ms. Deborah Westervelt
10 North Calvert Street
Suite 153
Baltimore, MD 21202

Re:   Hackley vs. LVL X (JFM 02CV3363)
      Settlement Conference Letter for Count II

Dear Ms. Westervelt:

    First, in light of the law and evidence directly relating to Count II, it is the defendants' position that the plaintiffs would not likely prevail. The only reason that LVL X had to retain defendant Way was because of Hackley's misconduct. Further, there was no confusion, or likelihood of confusion, that the plans originated out of Hackley's office because, among other reasons, Hackley's title block and/or stamp could be seen and was not redacted, the permit office already had a copy of the previous plans, none of the employees from the permit office said that they were confused, defendant Way did not revise the plans, defendant Way stamped the plans "for permit purposes only," Maryland law requires one who reviews plans to sign and seal them, defendant Way did not claim the plans as his plans, the plans were only submitted to the permit office, and the plans that Way reviewed were rejected by the permit office and of no use to LVL X.

    Second, although you allege in your letter that plaintiffs were damaged by $18,000, you did not provide any basis for this amount of damages. It is defendants' contention that assuming defendants are liable under Count II, that there are no damages. Moreover, as aforesaid, none of the defendants benefited.

    Third, defendants have many offsets. The $18,000 damages that the plaintiffs are claiming are offset by the settlement from defendant CFG and may

be further offset by plaintiffs settlement with defendant Trouton. Even assuming otherwise, defendants also claim other offsets (not a complete list):

| | |
|---|---:|
| John Trouton's Architectural Fees | $14,000 |
| John Trouton's Attorney Fees | 1,000 |
| Copy Fees for John Trouton's Plans | 800 |
| Additional Permit Fees | 2,000 |
| Jeffrey Way's Plan Review Fees | 1,200 |
| Chandelier that Hackley unlawfully withheld | 2,000 |
| Delayed Opening Damages: CFG | 8,000 |
| Delayed Opening Damages: Lost Revenue | 60,000 |

Not included in this list are the deals that LVL X lost because of Hackley's misconduct in that Hackley called many of the malls and defamed John Lee and LVL X causing LVL X to lose deals at some of the malls. Not included in this list are litigation expenses relative to Count I. Not included in this list are the excessive amounts that LVL X paid plaintiffs as set forth on page 21 of defendants' motion. This list is not otherwise intended to be a complete list of offsets. Defendants respectfully contend that there are more offsets than any damage plaintiffs could even allege that they have in this case. Further, as aforesaid, defendants do not understand, and could you please provide, the factual basis for plaintiffs' claim of damages that you set forth in your letter. I will be happy to call you at 2:00 p.m. today to discuss this matter further.

Sincerely,

Christopher M. Johns, Esq.