# SETTLEMENT AGREEMENT

This is a Settlement Agreement dated this ____29th__ day of __April_____, 2003 between Michael Hackley and Michael Hackley Architects, P.C. (collectively "Plaintiffs"), having its principal place of business at 5052 Dorsey Hall Drive, Suite 102, Ellicott City, Maryland 21042 and Commercial Finish Group, Inc. ("CFG"), having its principal place of business at 11969 Plano Rd., Suite 190, Dallas, Texas 75243.

WHEREAS, an action is currently pending in the United States District Court for the District of Maryland, captioned Michael Hackley and Michael Hackley Architects, P.C. v. LVL X, Inc., John Lee, Jeffrey Way, Commercial Finish Group, Inc., John Trouton, Case No. JFM 02 CV 3363 (the "Action").

WHEREAS, Plaintiffs and CFG wish to settle all claims and counterclaims that have been raised in the above-referenced action and wish to avoid further controversy between them.

NOW, THEREFORE, in consideration of the mutual covenants and undertakings of the parties contained herein and other good and valuable consideration, the sufficiency and receipt of which is hereby mutually acknowledged, the parties hereto agree as follows.

1.0　　Basic Terms.

　　　　1.1　　The parties agree that CFG shall pay to Plaintiffs the amount of fifteen thousand dollars (U.S. $15,000) in three monthly installments, each installment equal to five thousand dollars (U.S. $5,000). The first payment shall be made within five (5) days of the complete execution of this Settlement Agreement. The second payment shall be made within thirty-five (35) days and the third payment shall be made within sixty-five (65) days of the complete execution of this Agreement.

　　　　1.2　　CFG agrees to sign and deliver to Plaintiffs a Promissory Note for the second and third payments simultaneously with execution of this Settlement Agreement.

　　　　1.3　　The parties agree to cause their attorneys to file a stipulated Motion of Dismissal in the Action, dismissing all claims against CFG with prejudice within ten (10) business days of the complete execution of this Settlement Agreement. Such dismissal of all claims against CFG is without prejudice to claims against the other defendants in the above referenced action.

　　　　2.0　　Releases. Upon CFG's payment of the first installment payment of $5,000 required in Section 1.1 and CFG's delivery to Plaintiffs of the promissory note for $10,000 required in Section 1.2, , Plaintiffs and CFG and each of their respective representatives, past and present shareholders, members, officers, directors, agents, employees, attorneys, insurers, successors, and assigns do hereby completely release and forever discharge each other from any and all claims, rights, demands, actions, damages, expenses (including attorney's fees and court costs) obligations, liabilities, and causes of action of any and every kind, nature, character, known and unknown, which they may now have or have ever had against each other, including,

without limitation, all claims arising out of or related to the facts, events, transactions, occurrences and claims alleged in the Action and all claims that could have been alleged in the Action, including, without limitation, claims for copyright infringement and violation of the Lanham Act. Notwithstanding the foregoing, the parties are not hereby releasing each other from (1) the obligations created by this Agreement; and (2) any claims (excluding copyright infringement or Lanham Act violation) for damages, indemnity or contribution based on defects in the design or construction of any construction projects on which Plaintiffs and CFG were both involved.

3.0   No Admissions.  The parties hereto understand and agree that the settlement embodied in this Settlement Agreement is only a compromise in settlement of disputed claims and does not constitute an admission of liability, fault, or wrongful conduct. Plaintiffs and CFG each expressly deny any liability of any kind.

4.0   General

   4.1   This Settlement Agreement is executed voluntarily and without any duress or undue influence on the parties or their officers, members, employees, agents, or attorneys. Neither party is relying on any inducements, promises, or representations not contained herein made by the other party or any of its officers, members, agents, or attorneys. The parties hereto acknowledge that they have been represented in the negotiations for and in preparation of this Settlement Agreement by counsel, that they have had this Settlement Agreement fully explained to them by such counsel, and that they are aware of its contents and of its legal effect.

   4.2   If any legal action or other proceeding is brought to enforce the terms of this Settlement Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees and other costs incurred in bringing such action or proceeding, in addition to any other relief to which such party may be entitled.

   4.3   A breach of any provision of this Settlement Agreement may only be waived in writing and the waiver of such breach shall not operate or be construed as a waiver of any subsequent breach.

   4.4   This Settlement Agreement contains the entire agreement between the parties as to the subject matter hereof. This Settlement Agreement may not be modified or amended except by a written amendment signed by each party.

   4.5   This Settlement Agreement shall be binding upon each party, and its heirs, representatives, executors, administrators, successors, and assigns, and shall inure to the benefit of the other party, and to each of its heirs, representatives, executors, administrators, successors, and assigns.

4.6 This Agreement and the rights and obligations of the parties hereto shall be governed, construed, and interpreted in accordance with the laws of the Sate of Maryland, without giving effect to principles of conflicts of law.

| Commercial Finish Group, Inc. | Michael Hackley Architects P.C. |
|---|---|
| By: _____ Signature | _____ Michael Hackley |
| _____ Printed Name | |
| _____ Title | |

*Hackley/CFG Settlement Agreement*
*Page -3-*