## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made effective this ___ day of July, 2003, by and between Michael Hackley Architects, P.C. and Michael Hackley (hereinafter "Hackley") AND John S. Trouton and Forum International (hereinafter "Trouton") (Hackley and Trouton are referred to herein as the "Parties").

WHEREAS, certain disputes have arisen between the Parties over architectural drawings for the retail store LVL X in Prince George's Plaza in Prince George's County, Maryland (the "Project"); and

WHEREAS, said disputes and disagreements culminated in the filing and prosecution of the following legal action in the United States District Court for the District of Maryland, styled: Michael Hackley, et al. v.LVL X, Inc., et al., Case No. JFM 02 CV 3363 (hereinafter referred to as the "Litigation"); and,

WHEREAS, the Parties desire to resolve all differences existing between them by entering into this Agreement to conclude all claims, crossclaims, and/or counterclaims, known or unknown relating to the Litigation and the Project.

NOW, THEREFORE, in consideration of the foregoing, of the mutual promises herein contained, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto, intending legally to be bound, hereby agree as follows:

1.  <u>Incorporation of Preambles</u>. The preambles set forth above are incorporated herein and made a part of this Agreement.

2.  <u>The Parties</u>. References in this Agreement to the Parties shall mean those entities and individuals named above, and their past, present, or future elected officials, personal representatives, agents, servants, employees, principals, partners, directors, officers, affiliates, parent or subsidiary companies, predecessors, successors, assigns, designees, subcontractors or consultants,

attorneys and insurers. Specifically included without limitation as a beneficiary of this agreement is Forum International.

3. <u>Payment</u>. Trouton agrees to and shall pay to Hackley the amount of twelve thousand five hundred dollars ($12,500.00) within 30 days of the execution and effective date of this Agreement.

4. <u>Notice of Dismissal</u>. The Parties shall prepare and file Stipulations of Dismissal, dismissing with prejudice, the complaint(s) and any and all claims, counterclaims, cross-claims and third-party claims within ten days of the complete execution of this Agreement. Such dismissal of all claims against Trouton is without prejudice to claims against the other defendants in the above referenced action.

5. <u>Release</u>. In consideration of the dismissal in paragraph 4 and the payment in paragraph 3 by Trouton, Hackley and Trouton and each of their respective representatives, past and present shareholders, members, officers, directors, agents, employees, attorneys, insurers, successors, and assigns do hereby completely release, acquit, and forever discharge each other from all and every manner of action, causes of action, suits, claims, demands, obligations, and liabilities, whether known or unknown, whether foreseen or unforeseen, pertaining or relating to the Project and/or the Litigation from the beginning of time to the date of this Agreement. Notwithstanding the foregoing, the parties are not hereby releasing each other from the obligations created by this Agreement.

6. <u>Contribution</u>. It is further specifically acknowledged and agreed by Trouton and Hackley that the payment of the sums hereunder to Hackley shall reduce, to the extent of any pro rata share of Trouton, any damages recoverable by Hackley against any other party or parties that might be liable to Hackley as a result of any claims regarding the Project for which Trouton may be liable for contribution or indemnity. This provision is solely intended to protect Trouton from any

liability for contribution or indemnity.

7. <u>No Admission of Liability</u>. The execution of this Agreement does not represent an admission by any party of any liability to the other for breach of contract, breach of warranty, tort, negligence, wrongdoing, or liability of any sort or kind and any breach, wrongdoing, and liability is expressly denied by the Parties.

8. <u>Choice of Law</u>. This Agreement shall be construed in accordance with the laws of the State of Maryland. The Parties acknowledge that this is a jointly drafted Agreement. The Parties agree that the statements, representations, agreements, and covenants contained herein are contractual in nature and are not mere recitations of fact, and that the agreements and covenants herein shall be binding upon the parties hereto and their respective predecessors, successors, and assigns, as described above.

9. <u>Integration Clause: No Oral Modification</u>. This Agreement contains the entire agreement between the parties hereto and is intended as a full and final expression of their settlement and mutual release of all claims as set forth herein, and may not be modified, amended or terminated except by a written agreement specifically referring to this Agreement and signed by the parties hereto prior to the effective date of any such modification, amendment or termination.

10. <u>No Prior Transfer</u>. The undersigned hereto each represents and warrants to the other party that there has been no transfer, assignment or gift of all or part of the claims, causes of action, injuries, losses, damages, or rights arising out of the claim, dispute or controversy described herein, and that each holds all of the right, title and interest thereto. Each of the undersigned below therefore represents and warrants that he/she/it have/has the full and complete authority to execute this Agreement.

11. <u>Authority</u>. The parties represent that they have reviewed this Agreement, have received the advice of legal counsel, that the individual signatories are authorized to sign and bind

3

their respective organization/entity, and that each is entering into this Agreement freely and voluntarily and after due thought and consideration to all of the relevant facts and circumstances, such that this Agreement shall not be construed in favor or against any party on the basis of draftmanship.

12. <u>Attorney's Fees</u>. If any party hereto files a legal action to enforce any term or terms of this Agreement, the prevailing party shall be entitled to payment of all reasonable attorney's fees and costs from the nonprevailing party.

13. <u>Confidentiality</u>. The Parties to this Agreement further acknowledge and agree that terms and conditions of this Settlement Agreement and Release shall be held in absolute and strict confidence and shall not be disclosed or revealed, either orally or in writing, or in any other form, to any other person, except: (a) as may be required by legal process; (b) as may be necessary to enforce any provisions contained herein; (c) as required to be made to accountants or governmental agencies under the authority of law; or (d) as may be necessary to effectuate the administrative purposes of this Agreement.

14. <u>Severability</u>. If any provision of this Agreement, or application thereof, shall be held to be invalid, the invalidity shall not affect the other provisions of the Agreement which can be given effect without the invalid provisions or applications, and to this end the provisions of this Agreement are declared to be severable.

15. <u>Counterparts</u>. The Agreement may be executed in one or more counterparts, and shall be effective when all the parties have signed a counterpart hereof. Fax signatures are acceptable.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the date indicated below.

_____      _____ Date: 5 AUG '03
Witness                                                      By: John S. Trouton, Principal
                                                            Forum International

_____      _____ Date: 08/13/03
Witness                                                      By: Michael Hackley

_____      _____ Date: 08/13/03
Witness                                                    By: Michael Hackley, Principal
                                                           Michael Hackley Architects