J. JOSEPH CURRAN, JR.
ATTORNEY GENERAL

CARMEN M. SHEPARD
DEPUTY ATTORNEY GENERAL

NNA BILL STATON
DEPUTY ATTORNEY GENERAL

STATE OF MARYLAND
**OFFICE OF THE ATTORNEY GENERAL**



ELIZABETH H. TRIMBLE
PRINCIPAL COUNSEL

JONATHAN R. KRASNOFF
DEPUTY COUNSEL

SUSAN M. CHERRY
CHIEF OF LITIGATION

DEPARTMENT OF LABOR, LICENSING AND REGULATION
500 N. Calvert Street – Suite 406
Baltimore, Maryland 21202-3651
(410) 230-6105 – FAX: (410) 333-6503

DIRECT: (410) 230-6136

March 26, 2003

Mr. Michael Hackley
Michael Hackley Architects
5052 Dorsey Hall Road
Suit 102
Ellicott City, Maryland 21042-7750

Re:  State Board of Architects v. Jeffrey Way
     Case No. 03-AR-02

Dear Mr. Hackley:

As the complainant in this case, you are entitled to receive a copy of the Consent Order. I have therefore enclosed a copy.

Thank you for bringing the matter to the Board's attention.

Sincerely,

Peter Martin
Assistant Attorney General

TTY USERS CALL MARYLAND RELAY 1-800-735-2258

FROM : STATE FARM INSURANCE      FAX NO. : 410-964-1305      Aug. 11 2003 10:03AM  P1

## BEFORE THE MARYLAND STATE BOARD OF ARCHITECTS

| | |
|---|---|
| MARYLAND STATE BOARD OF ARCHITECTS | * |
| v. | * |
| JEFFREY WAY, | *   CASE 03-AR-02 |
| Respondent | * |

* * * * * * * * * * * * *

### CONSENT ORDER AND SETTLEMENT AGREEMENT

This matter comes before the Maryland State Board of Architects ("Board") based on a complaint filed by Robert M. Hackley. Based on that complaint and an investigation, the Board determined that administrative charges against Jeffrey Way ("Respondent") were appropriate and that a hearing on those charges should be held. This matter was scheduled for a January 22, 2003 hearing before the Board but was postponed to February 26, 2003 and again to March 26, 2003. The Board and the Respondent have reached an agreement to settle the Board's case against the Respondent, obviating the need for a hearing. The Board and the Respondent consent to the entry of this Order as final settlement of this action.

IT IS STIPULATED BY THE PARTIES that:

1. The Respondent was licensed by the Board as an architect (License No. 9261) at all times relevant to this case and is currently licensed.

2. Robert M. Hackley, a licensed architect, was hired by Fashion Time, Inc., t/a LVLX in 2002 to develop and prepare architectural drawings.

3. In May 2002, Mr. Hackley developed, prepared and approved those drawings, gave unsealed copies to his client and his client's contractor, and took a sealed

## BEFORE THE MARYLAND STATE BOARD OF ARCHITECTS

MARYLAND STATE BOARD   \*
OF ARCHITECTS
                          \*

    v.                      \*    CASE 03-AR-02

JEFFREY WAY,         \*

    Respondent        \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### CONSENT ORDER AND SETTLEMENT AGREEMENT

This matter comes before the Maryland State Board of Architects ("Board") based on a complaint filed by Robert M. Hackley. Based on that complaint and an investigation, the Board determined that administrative charges against Jeffrey Way ("Respondent") were appropriate and that a hearing on those charges should be held. This matter was scheduled for a January 22, 2003 hearing before the Board but was postponed to February 26, 2003 and again to March 26, 2003. The Board and the Respondent have reached an agreement to settle the Board's case against the Respondent, obviating the need for a hearing. The Board and the Respondent consent to the entry of this Order as final settlement of this action.

IT IS STIPULATED BY THE PARTIES that:

1. The Respondent was licensed by the Board as an architect (License No. 9261) at all times relevant to this case and is currently licensed.

2. Robert M. Hackley, a licensed architect, was hired by Fashion Time, Inc., t/a LVLX in 2002 to develop and prepare architectural drawings.

3. In May 2002, Mr. Hackley developed, prepared and approved those drawings, gave unsealed copies to his client and his client's contractor, and took a sealed

FROM : STATE FARM INSURANCE    FAX NO. : 410-964-1205    Aug. 11 2003 10:04AM P2

copy of the drawings to Prince George's County and obtained a building permit for the job.

4. Soon thereafter, Mr. Hackley had the permit rescinded when the client did not pay for his services.

5. In July 2002, an official from Prince George's County contacted Mr. Hackley and advised him that his drawings were being submitted under the professional seal and signature of another architect.

6. The Respondent had placed his professional signature and seal on Mr. Hackley's drawings, which were to be used to obtain a building permit.

7. The Respondent did not contact Mr. Hackley to ask about these drawings or to ask for his authority or consent to place the Respondent's signature and professional seal on Mr. Hackley's drawings.

8. The Respondent did not participate in the development, preparation and approval of those drawings.

9. The Respondent failed to include the required professional certification in the title block of the drawings.

10. The Respondent agrees to abide by the Maryland Architects Act, Maryland Annotated Code, Business Occupations and Professions Article, §3-101 et seq., and regulations of the Board when practicing architecture in the future.

11. The Respondent enters this Consent Order freely, knowingly, and voluntarily, and with the advice of counsel.

BASED ON THESE STIPULATIONS, IT IS THIS 26th day of March 2003, BY THE MARYLAND STATE BOARD OF ARCHITECTS,

2

ORDERED that Respondent Jeffrey Way has violated Business Occupations and Professions Article, Maryland Annotated Code, §§3-501(a) and Code of Maryland Regulations ("COMAR") 09.21.01.07A and B and 09.21.01.07-1, and it is further

ORDERED that the Respondent pay a total civil penalty of $2,500.00 ($2,000.00 for the violation of §3-501(a) and COMAR 09.21.01.07A and B and $500.00 for the violation of COMAR 09.21.01.07-1) for these violations, which amount is payable to the State Board of Architects within 30 days of the date this Order is signed by the Chairman of the State Board of Architects, and it is further

ORDERED that, if payment of that civil penalty is not made within that 30-day period, the Respondent's license shall be automatically suspended until payment is made, and it is further

ORDERED that all other charges set forth in the Notice of Charges and Order for Hearing dated December 2, 2002 are dismissed, and it is further

ORDERED that the Board's records and publications shall reflect the civil penalty imposed on the Respondent.

_____
JEFFREY WAY

_____
STEPHEN L. PARKER, CHAIRMAN
STATE BOARD OF ARCHITECTS
ACTING CHAIRMAN

3/20/03
DATE

jeffreyway.conord

3