IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

MICHAEL HACKLEY, et al.  :
    Plaintiffs,  :
vs.  :    Case No.: JFM 02 CV 3363
LVL X, INC., et al.  :
    Defendants.  :

### DEFENDANTS LVL X, INC. AND JOHN LEE'S ANSWERS TO INTERROGATORIES

To:   Plaintiffs Michael Hackley and Michael Hackley Architects, P.C.
From: Defendants LVL X, Inc. and John Lee

LVL X, Inc. and John Lee, through undersigned counsel, hereby produces the following answers/responses and further states that the information supplied in these answers/responses are not based solely on the knowledge of the executing party, but includes knowledge of the party's agents, representatives and attorneys, unless privileged. The word usage and sentence structure is that of the attorney and does not purport to be the language of the executing party.

Defendants reserve the right to supplement and/or to amend their answers or responses. Defendants also reserve the right to object to additional discovery on related matters and does not waive any objections or assertions of privilege by providing answers. Defendants reserve the right to object to the admissibility of any interrogatory, request, response and/or answer.

Defendants object to each interrogatory or request to the extent that the discovery sought (i) exceeds the number allowed by the Rules; (ii) is beyond the scope of discovery permitted by the Rules or case law; (iii) falls within the scope of the attorney-client privilege; (iv) falls within the scope of the attorney work product doctrine; (v) falls within the scope of any other type of privilege; (vi) is already in the possession of the party seeking said discovery; (vii) is in the public domain; (viii) is beyond the responding parties possession, custody or control; (ix) requires the responding party to obtain said discovery from unrelated third parties; (x) constitutes confidential or proprietary information, and/or a trade secret; and/or (xi) plaintiffs fail/refuse to fully allege and/or to disclose which elements of the plans at issue they contend were infringed.



## INTERROGATORY ANSWERS

### *INTERROGATORY NO. 1*

*Characterize and describe the organization structure of LVL X, Inc., and the LVL X stores including, but not limited to, the names and addresses of officers and functions and responsibilities of each.*

ANSWER 1: Defendants object to this interrogatory on the following grounds: (i) the organizational structure of LVL X, Inc. and the LVL X stores is not relevant nor reasonably calculated to lead to the discovery of admissible evidence; (ii) by asking defendants to "characterize" infringes on defense counsel's absolute, unqualified privilege that protects counsel's personal impressions, conclusions, opinions, and legal theories; (iii) the interrogatory seeks confidential, proprietary, and/or trade secret information; (iv) it is overly broad in that plaintiffs have sued the entity that operates the Prince George's Plaza store ("PGP"); (v) vague an ambiguous; (vi) unduly burdensome; and, (vii) plaintiffs fail/refuse to fully allege or disclose which elements of the plans at issue they contend were infringed. Without waiving these objections, LVL X, Inc. is a Maryland corporation. John Lee is the president of LVL X, Inc.

### *INTERROGATORY NO. 2*

*Characterize and describe each Defendant's relationship with Michael Hackley and Michael Hackley Architects, P.C., including the date and inception of said relationship.*

ANSWER 2: Defendants object to this interrogatory because by plaintiffs asking defendants to "characterize" infringes on defense counsel's absolute, unqualified privilege that protects counsel's personal impressions, conclusions, opinions, and legal theories. Without waiving this objection, plaintiffs acted as LVL X's architect beginning sometime during 1997.

### *INTERROGATORY NO. 3*

*Identify each person known to you who has personal knowledge of the facts, events, or circumstances that are material to this case, including, but not limited to, any personal information that tends to support a position that you have taken or intend to take in this action, or that are referred to in any pleading filed by any party of this action by name, residential and business address, present phone number and relationship to you and describe each person's specific knowledge.*

ANSWER 3: Defendants object to this interrogatory on the following grounds: (i) overly broad; (ii) unduly burdensome; (iii) ambiguous; (iv) vague; and, (v) plaintiffs fail/refuse to fully allege or disclose which elements of the plans at issue they contend were infringed. Without waiving these objections: (1) *John Lee* (has personal knowledge of the material facts to this case and no address needs to be provided in that his attorney will accept a subpoena on his behalf); (2) *John Chalk*, 9738 Briarcliffe Lane, Ellicott City, Maryland 21042 (affidavit and dealings with Michael Hackley); (3) *Ronald Reece*, (4) *Jim Dungan*, (5) *Barbara Yoss*, all of defendant CFG, and (6) *CFG*, (Hackley admissions and dealings with Hackley and the permit office); (7) *Jason Bonnet*, LVL X employee (will accept a subpoena on his behalf); (8) *Vincent Fragomeni*, LVL X employee (will accept a subpoena on his behalf); (9) *Robert Spruill*, LVL X employee (will accept a subpoena on his behalf); (10) *Jeffrey Way*; (11) *John Trouton*; (12) *Anthony Yancey*, Director of Operations for PREIT-Service, LLC (PGP), 3500 East West Highway, Hyattsville, MD 20782, 301-559-8844; (13) *Christopher M. Johns* (attorneys fees); (14) *Howard Goldberg* (attorneys fees); (15) *Leland C. de la Garza* (attorneys fees); (16) *Michael Hackley*; (17) *Tom Mattson*, Associate Director of the Permits and Review Division 301-883-5924 (meeting with LVL X and others concerning PGP permit); (18) *Malinda Y. Steward*, M.E., Section Head of the Information Management Section, 9400 Peppercorn Place, Suite 600, Largo, MD 20774; (19)

2